# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| AUTOSCRIBE CORPORATION | § § § | Case No. 2:23-cv-0349-JRG |
| v. | § § | (Lead Case) |
| REPAY HOLDINGS CORPORATION, et al. | § § § | JURY TRIAL DEMANDED |
| AUTOSCRIBE CORPORATION | § § § | |
| v. | § § § | Case No. 2:23-cv-0364-JRG |
| FORTIS PAYMENT SYSTEMS, LLC | § § § § | (Member Case) |

**AGREED DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.     Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

(c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

**2.** **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.** **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      i.      If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

      ii.     If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)     produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)     provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of

- 3 -

   the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.  **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.  **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

 (a) Definitions:

  i. "Plaintiff" refers to plaintiff Autoscribe Corporation.

  ii. The "349 Case" refers to Case No. 2:23-cv-0349-JRG.

  iii. The "364 Case" refers to Case No. 2:23-cv-0364-JRG

  iv. "Defendant Group" refers to a group of parties that have been identifies as defendants in a common operative complaint (*i.e..,* Defendants Repay Holdings Corporation, Repay Holdings, LLC, and any subsequently added defendant in the 349 Case are a "Defendant Group" ("the Repay Defendant Group") and Defendant Fortis Payment Systems and any subsequently added defendant in the 364 Case is a "Defendant Group" ("the Fortis Defendant Group").

  v. "Side" refers to each (1) Plaintiff and (2) Defendant Groups (collectively).

 (b) The parties agree to work in good faith to modify the limitations set forth in Paragraph 5 of this Discovery Order as needed and if necessary.

 (c) **Interrogatories:** Plaintiff may serve a maximum of 20 common interrogatories on Defendants, collectively, and 10 individual interrogatories on each Defendant Group. Defendants collectively may serve a maximum of 20 common

interrogatories on Plaintiff. Each Defendant Group may serve a maximum of 10 individual interrogatories on Plaintiff.

(d) **Requests for Admission:** Plaintiff may serve a maximum of 40 requests for admission per Defendant Group and each Defendant Group may serve a maximum of 40 requests for admission on Plaintiff (excluding requests for admission for the purpose of authenticating a document or establishing its admissibility, which are unlimited);

(e) **Party Depositions:** Plaintiff may take up to 35 total hours of deposition testimony (inclusive of both 30(b)(1) and 30(b)(6) depositions but excluding experts) of each Defendant Group. The Defendant Groups may collectively take up to 35 total hours of deposition testimony of Plaintiff (inclusive of both 30(b)(1) and 30(b)(6) depositions but excluding experts), and will co-ordinate with each other to divide the allocation. Each Defendant Group may take up to 15 additional hours of deposition testimony per Defendant Group. Defendant Groups will make reasonable efforts to co-ordinate on common issues. Depositions of experts and third parties do not count against these limits. Each party reserves the right to seek adjustment of these time limits based upon changes to the scope of discovery. No inventor on any patent-in-suit shall be deposed more than once in his or her individual capacity.

(f) **Third Party Depositions:** Each side may take up to 40 hours of third-party deposition testimony. Moreover, the parties can take unlimited depositions on written questions of custodians of business records for third parties.

(g) **Experts:** Each Party (*i.e.*, Plaintiff and Defendant Group) is entitled to 7 hours of deposition time to cross-examine an expert that offers an expert report against the Party. For the purpose of this provision, if Plaintiff's expert serves a common report concerning invalidity on multiple Defendant Groups, the number of deposition hours to be split by the Defendant Groups shall be 10 hours. Likewise, if an expert provides a report with opinions common to multiple Defendant Groups concerning invalidity, Plaintiff shall be entitled to depose that expert for 10 hours. If an expert serves a report on multiple issues (*e.g.*, infringement and validity) then the expert's deposition shall be limited to 10 hours.

(h) The limitations set forth in the Federal Rules of Civil Procedure with respect to the length of depositions will apply, except as modified by this Order. If any party requests more than the total allowed time for a particular deposition, or if any party or side seeks more than its agreed-upon limit of deposition hours as set forth herein, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

(i) **Modification:** Any party may later move to modify these limitations for good cause.

(j) **Service of Deposition Notices:** The Parties agree that employees of the Parties may be served with deposition notices through the Party's counsel, rather than being served by a subpoena.

(k) **Required Consultation Regarding Scheduling:** For the convenience of witnesses, counsel and parties, the parties shall confer about the scheduling and locations of the depositions of witnesses after the service of deposition notices and

      subpoenas. Absent agreement to the contrary, a party witness will be deposed near his or her office or home, or where the party's attorneys have an office at the witness's discretion.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure

5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    E-Discovery Order: The parties will negotiate in good faith on the terms of an appropriate Order Regarding E-Discovery ("ESI Order"). Depending upon the availability of both sides, the Parties hope to submit the ESI Order by January 12, 2024, or as soon as reasonably practicable thereafter.

    (b)    The parties agree that they will serve each other with copies of any subpoena or deposition notice directed to a third-party. A party receiving documents from a third party will provide copies of those documents to each other party within 5 business days of receiving those documents. The parties agree to consult with each other before scheduling any third-party deposition and to provide at least 5 business days' notice of the selected court reporting agency to allow for the coordination of remote depositions, including the logistics of soft copy exhibits. The party requesting a deposition may request to do so remotely. In the event a deposition occurs remotely, including by agreement of the parties, such a remote deposition shall be treated for all purposes as a deposition conducted under Federal Rule of Civil Procedure 30.

    (c)    The parties agree that privilege logs will not be exchanged unless and until a request for such logs is submitted to the opposing party in writing. If such request is submitted, the parties are not required to include on their privilege logs any protected documents or communications that came into existence on or after July 27, 2023. If a party asserts a privilege or protection over any material with Litigation Counsel dated before July 27, 2023 for the Repay Action or August 10, 2023 for the Fortis Action, the party will only need to provide a privilege log identifying the earliest 10 documents or information containing such privileged or

protection information. Without revealing the privileged information, any privilege logs exchanged will identify the privileged document or information and include a basis for the privilege assertion that will enable the other party to assess the applicability of the privilege or protection. "Litigation Counsel" is defined as counsel of record in this litigation or counsel consulted for this litigation. The parties may modify the foregoing provisions of this paragraph either by agreement or by order of the Court for good cause shown after compliance with the applicable procedures for resolution of discovery disputes.

(d) In accordance with Patent Rule 4-3(b), the parties will each serve a disclosure of expert testimony simultaneous with filing of the Joint Claim Construction Statement consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed claim construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position.

(e) The parties agree to accept service of letters, discovery requests, and other documents (except in the case of document required to be filed with the Court electronically, the service of which is governed by the Local Rules, or documents that are too voluminous for email) via email listserve addresses designated by each of the parties or via email to at least each attorney listed on the docket as attorney of record for the opposing party. The parties further agree that service via this method is deemed to have occurred on the date sent.

(f) Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver

in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall return or destroy the inadvertently produced materials within three (3) business days. The producing party will provide a privilege log in accordance with Paragraph 6. The specific mechanism for disputing a claim of privilege shall be set forth in the Order Regarding E-Discovery proposed by the parties.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.