# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| AUTOSCRIBE CORPORATION | § § | Case No. 2:23-cv-0349-JRG |
| | § | (Lead Case) |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| REPAY HOLDINGS CORPORATION, et al. | § § | |
| | § | **FILED UNDER SEAL** |
| AUTOSCRIBE CORPORATION | § § § | |
| v. | § § | Case No. 2:23-cv-0364-JRG |
| | § | (Member Case) |
| FORTIS PAYMENT SYSTEMS, LLC | § § § | |

**REPAY HOLDINGS CORPORATION AND REPAY HOLDINGS, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Because Autoscribe cannot establish all requisite jurisdictional and venue factors for Repay Corp. and Repay LLC individually, Autoscribe argues that all Repay-related entities should be considered a single business enterprise. The single business enterprise theory cannot support jurisdiction over Repay Corp. in Texas, whose law governs the application of the long arm statute and therefore the imputation of jurisdictional contacts, because Texas has expressly refused to recognize that doctrine. The single business enterprise theory fares no better in the venue context, where regional Fifth Circuit law controls. Autoscribe does not cite a single Fifth Circuit case for the proposition that a district court can impute contacts under the single business enterprise theory when evaluating venue. Instead, the Fifth Circuit routinely applies a different, higher standard for imputing venue contacts—alter ego—that Autoscribe cannot meet here.

Lacking firm legal ground to stand on, Autoscribe also criticizes Repay's corporate witness on venue topics. None of those criticisms, which are unfounded, change the fact that Autoscribe cannot impute the jurisdictional and venue contacts of other Repay entities here. The Court should dismiss the case because it lacks personal jurisdiction over Repay Corp. and venue is improper over Repay Corp. and Repay LLC.

**A. Because Repay's Subsidiaries' Contacts Cannot be Imputed to Repay Corp., the Court Lacks Personal Jurisdiction.**

The paradigm bases for general jurisdiction over a corporation are i) its place of corporation and ii) its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). The factual record here is clear as to both points. Repay Corp. is incorporated in Delaware. Repay Mot. Exhibit C ¶ 4. Repay Corp. is headquartered and maintains its principal place of business in Atlanta, Georgia. *Id.* Autoscribe does not dispute Repay Corp.'s state of incorporation. While Autoscribe continually references Repay's "principal facilities,"—locations that bear no weight in this analysis—Autoscribe does not

dispute the location of Repay Corp.'s principal place of business, the location of its headquarters, in Atlanta, Georgia. Given these facts, Autoscribe's sole jurisdictional argument requires the Court to impute jurisdictional contacts of all Repay-related entities under the single business enterprise theory. That theory is not legally viable.

    a. ***Texas Courts rejected Autoscribe's single business enterprise theory.***

Texas law governs the Court's analysis of whether jurisdictional contacts can be imputed to Repay Corp. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Citing to a 2006 Northern District of Texas opinion, Autoscribe concludes that the contacts of all Repay entities can be imputed to Repay Corp. under the single business enterprise doctrine. Opp. at 9 (citing *Berry v. Lee*, 428 F.Supp.2d 546, 553 (N.D. Tex. 2006). This law is outdated. The Texas Supreme Court has since expressly refused to recognize the single business enterprise theory as a basis for piercing the corporate veil for jurisdictional purposes. *Realtime Data, LLC v. CME Group Inc.*, 6:09-cv-327, 2011 WL 13272660, at *3 (E.D. Tex. Mar. 15, 2011) (citing *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 173-174 (Tex. 2007) (calling the single business enterprise theory "a theory we have never endorsed")); *Olympia Capital Assocs, L.P. v. Jackson*, 247 S.W.3d 399, 412 (Tex. App.—Dallas 2008, no pet.) (declining "to hold that a single business enterprise theory can be a basis for piercing the corporate veil for jurisdictional purposes.").

    b. ***Autoscribe cannot impute contacts by piercing the corporate veil.***

Further, Autoscribe cannot show facts sufficient to warrant imputing jurisdictional contacts under the test that the Texas Supreme Court has adopted, a test which Autoscribe notably ignores and therefore should not be permitted to rely on. Texas law presumes that two separate corporations are distinct entities. *PHC-Minden,* 235 S.W.3d at 173. The party seeking to impute the corporation's jurisdictional contacts has the burden of proof. *Id*.; *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W3d 789, 798 (Tex. 2002). Here, Autoscribe must show

that "the degree of control the parent exercises must be greater than that normally associated with common ownership and directorship; the evidence must show that the two entities cease to be separate so that the corporate fiction should be disregarded to prevent fraud or injustice." *Id.* at 779. Autoscribe's allegations do not demonstrate that the level of control exercised by Repay Corp. or Repay LLC exceeds that which is normally associated with common ownership.

Further, Autoscribe tries to impute the contacts of multiple Repay Corp. subsidiaries: the customer contacts and sales of M&A Ventures, LLC, The Colony location of CDT Technologies Ltd., and the employees of Repay Management Services, LLC. But Autoscribe does not cite a single case demonstrating that the corporate veil can be pierced to mix and match the activities of multiple entities to establish personal jurisdiction.

   c. ***The Court lacks specific jurisdiction over Repay Corp.***

Specific jurisdiction arises when a party has sufficient minimum contacts with the forum state, representing a purposeful availment of the forum state's law, and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. *Daimler*, 571 U.S. at 126-27. Given that Autoscribe cannot impute jurisdictional contacts, it must show that its claims arise from or relate to Repay Corp.'s minimum contacts with Texas. *See Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017). Autoscribe relies on a single job posting for a "JR9 Full Stack Developer – Close Platforms (contract)-2" from Repay Corp.'s subsidiary. Opp. at 12-13; Autoscribe Opp. Ex. U. at 2. Even if the post could be considered a contact by Repay Corp., the post lists eleven different cities, nine of which exist outside of Texas. *Id.*

Autoscribe fails to establish that this job posting relates to the accused products. First, it is unclear whether the single job posting cited by Autoscribe was filled, and if so, whether the job was filled in one of the two listed cities in Texas. Second, as the job posting indicates, "REPAY offers a comprehensive suite of electronic payment and funding solutions, including

3

debit and credit card processing, ACH processing, Instant Funding, and electronic bill payment systems with full IVR, text, and mobile capabilities." Autoscribe Opp. Ex. U. at 2. Because this comprehensive suite of offerings extends far beyond the Accused Product, Autoscribe has not established this job posting is relevant.

### B. Venue in this Jurisdiction is Not Proper as to Repay Holdings Corporation or Repay Holdings LLC.

To establish venue is proper, Autoscribe must show that Repay Corp. and Repay LLC "committed acts of infringement *and* ha[ve] a regular and established place of business" in the District. 28 U.S.C. § 1400(b) (emphasis added). That regular and established place of business in the District must be "the place of the defendant." *In re Cray*, 871 F.3d 1335, 1360 (Fed. Cir. 2017).

#### *a. Autoscribe does not identify an established place of business of either Repay Corp. or Repay LLC in the District.*

Autoscribe identifies a single location in the District: an office in The Colony leased by Repay subsidiary CDT Technologies Ltd. Autoscribe Opp. at 4; Reply Ex. A (Lease for The Colony location). Because The Colony location is not a location "of the defendant," Autoscribe again looks to the single business enterprise theory to impute the contacts of Repay-related entities to both Repay Corp. and Repay LLC. Regional circuit law governs which contacts can be imputed to establish venue, so Autoscribe must establish that Fifth Circuit law—not outdated Texas law—applies the single business enterprise theory in the venue context. *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021) (stating that regional circuit law governs imputation of venue contacts). Autoscribe does not do so.

Instead, Autoscribe cites to a Federal Circuit opinion denying mandamus where the petitioner challenged the imputation of venue contacts. *In re Charter Commc'ns*, 2023-136, 2023 WL 5688812 (Fed. Cir. Sept. 5, 2023). The Federal Circuit did not even analyze whether the

4

single business enterprise theory was appropriate under Fifth Circuit law, merely finding that the petitioner's arguments raised factual issues about whether the named party "exerts control sufficient to impute its subsidiaries' in-district operations" under Fifth Circuit law. *Id.* The other cases Autoscribe cites apply state law in either the jurisdictional or liability contexts, neither of which is relevant to the venue question before the Court. *See Dalton v. R & W Marine, Inc.*, 897 F.2d 1359 (5th Cir. 1990) (analyzing corporate separateness in the jurisdictional context under state law); *Nichols v. Pabtex, Inc.*, 151 F. Supp. 2d 772 (E.D. Tex. 2001).

Other district courts applying Fifth Circuit law in the venue context have rejected the position that the court can ignore the corporate form without applying alter ego theory. *Sightline Payments LLC v. Everi Holdings Inc.*, 6:21-CV-01015-ADA, 2022 WL 2078215, *3 (W.D. Tex. June 1, 2022). An alter ego theory—which Autoscribe does not rely on—requires "a heavy burden," "clear evidence," and the weighing of factors that Autoscribe does not consider, like undercapitalization and observation of corporate formalities. *Id.* at *4. Further, "activities consistent with the parent's and subsidiary's relationship should not give rise to a finding of an alter ego." *Id.* (citing *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)). Because Autoscribe has not shown that the corporate form should be disregarded under the appropriate Fifth Circuit law, it cannot impute subsidiaries' contacts to Repay Corp. and Repay LLC. Therefore, venue is improper in this District.

   b. ***Autoscribe does not identify acts of infringement by either Repay Corp. or Repay LLC in the District.***

Autoscribe must also show that Repay Corp. or Repay LLC commit acts of infringement in the District. But Autoscribe again only points to activity in The Colony office, leased by CDT. Even if the acts committed by CDT in The Colony could be imputed to Repay Corp. or Repay LLC under Fifth Circuit law—which they cannot—The Colony location is not involved in

5

committing any acts of infringement. Repay Mot. Exhibit C ¶ 12. Autoscribe identifies the sale of the Repay LIFT product by CDT from The Colony location as the act of infringement establishing venue. The Repay LIFT product is not a product accused of infringement in this case, primarily because neither the Repay LIFT nor any other product sold through The Colony location uses the allegedly infringing Payment API. Opp. Ex. D at 174:20-175:4.

As such, Autoscribe has failed to establish both (1) a location within the District as a regular and established place of business and (2) that either entity has committed acts of infringement within the District.

### C. Repay's 30(b)(6) Witness Was Reliable and Testified Consistent with Previous Declaration and the Documentary Evidence.

Repay designated its General Counsel Tyler Dempsey as a 30(b)(6) witness in this matter due to his knowledge of the legal entity status of the named defendants, the location of the various Repay entities, and the jurisdictions in which the various Repay entities conduct their business. Subject to articulated objections, Mr. Dempsey investigated the topics for deposition and testified accordingly and consistent with his previous declaration. *See* Reply Ex. B (Obj. to Dep. Notice). Autoscribe cherry picks portions of Mr. Dempsey's deposition in an attempt to discredit him as a witness. For example, Autoscribe asserts that "Mr. Dempsey's "investigation was limited to whether any 'employees assigned to The Colony location… do any work related to the payment API.' Dempsey did not identify any broader investigations of work performed in the Eastern District of Texas and the state of Texas." Opp. at 7 (citing to Dempsey Deposition. at 174:25-175:4.). The context of Mr. Dempsey's statement shows he did more broadly investigate employees' work on additional technologies:

```
 9        Q.   So Mr. Harper asked you if you've made an
10   effort to investigate whether or not any of the people
11   who work in The Colony location perform any work related
12   to the Payment API.  Do you know if any of those people
13   in The Colony office do work related to the LIFT portal?
14        A.   Yes.  They -- they do.
15             MR. PHILLIPS:  Okay.  No further
16   questions.  Thank you so much for your time and
17   patience.  I appreciate it.
```

Dempsey Deposition at 175:9-175:17. At no point did Mr. Dempsey ever state that he had not conducted any investigation of work performed in the Eastern District of Texas or the State of Texas. Autoscribe directly contradicts themselves in the next paragraph when they rely on testimony by Mr. Dempsey concerning the work that employees of Repay entities conduct within the State of Texas to support their own arguments. Opp. at 8. Autoscribe disagrees with the content of Mr. Dempsey's responses rather than their consistency or reliability.

**D. The Northern District of Georgia is a More Convenient Forum.**

In the alternative, Defendants request this Court transfer this case to the Northern District of Georgia as a more convenient forum for this dispute.

*a. Ease of access to sources of proof*

It is Autoscribe's contention that the sources of documentary proof and evidence in this case are just as easily accessible from this District—the District possessing a single subsidiary not named in this suit or involved in the design, manufacture, or sale of the accused product—as they are from the district holding the headquarters of the company where much of the evidence originated. The question here is not one of possibility, but of convenience. Autoscribe states that "several key individuals" are located within this District, but only identifies one individual by

7

name: Clint Shuman. Opp. 17. In its internal investigation thus far, Repay has not identified a single individual possessing relevant knowledge located in this District. *See* Reply Ex. C (Defs.' Mandatory Disclosures); Reply Exhibit E (REPAY00000057). At this time, Repay has not identified Clint Shuman as an individual possessing relevant knowledge of any issue of this case. *Id.* This factor favors transfer.

    b. *Cost of Attendance*

Convenience of the witnesses is, in fact, an important factor in a transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). In their Mandatory Disclosures, Repay identifies seven witnesses located in Georgia. Reply Ex. C (Defs.' Mandatory Disclosures) at 2-3. Both Repay and Autoscribe identify the three named inventors as relevant witnesses, two of which are located in Maryland and the third of which is located in Virginia. *Id.* at 4; Reply Ex. D (Plaintiff's Mandatory Disclosures) at 4. Defendant further identifies unknown individuals at Autoscribe Corporation, which is headquartered in Jacksonville, FL. Reply Ex. C (Defs.' Mandatory Disclosures) at 4. Autoscribe further identifies the patent prosecution attorney for the Asserted Patent, located in Philadelphia, PA. Reply Ex. D (Plaintiff's Mandatory Disclosures) at 4. It therefore appears that a majority of the relevant witnesses are located in Georgia and otherwise along the East Coast. Thus, the Northern District of Georgia provides a more convenient forum when the travel costs of a majority of the witnesses are considered. This factor weighs in favor of transfer.

    c. *Local Interest*

Repay is headquartered in the Northern District of Georgia. Repay Mot. Ex. C. ¶ 4. That is where the company was founded and continues to grow to this day. A large majority of the employees of the various Repay subsidiaries are also based in Georgia. Repay Mot. Ex. C. ¶ 5, 14. As stated above, Repay has identified a number of witnesses located in Georgia. The

8

Northern District of Georgia has a vested interest in overseeing allegations against one of its own corporations, involving its own citizens as witnesses, and with an outcome that could affect the employer of many of its taxpayers. This factor weighs in favor of transfer.

   *d. Governing Law*

 This factor weighs in favor of transfer.

   E. **Conclusion**

Autoscribe can only establish personal jurisdiction and venue for Repay Corp. and Repay LLC through the imputation of contacts of Repay-related entities to the parent organizations. To do so, Autoscribe relies on a theory of imputation—the single business enterprise theory—which has been expressly disavowed by Texas courts for jurisdictional application and is inappropriate under Fifth Circuit standards for venue application. This theory is inapplicable and the contacts of all Repay-related entities are not germane to the analysis of proper personal jurisdiction and venue for the named Defendants in this suit.

Under the appropriate law, Autoscribe has failed to establish the required personal jurisdiction and venue factors for Repay Corp. and Repay LLC individually. Therefore, Repay Holdings Corp. and Repay Holdings, LLC respectfully requests this Court grant their Motion to Dismiss. In the Alternative, Defendants respectfully requests that the Court transfer the case to the Northern District of Georgia under 28 U.S.C. § 1404(a).

9

Dated: January 22, 2024                     Respectfully submitted,

*/s/ David H. Harper*
David H. Harper
Texas Bar No. 09025540
david.harper@haynesboone.com
Stephanie N. Sivinski
Texas Bar No. 24075080
stephanie.sivinski@haynesboone.com
Marron E. Frith
TX Bar No. 24137884
marron.frith@haynesboone.com
HAYNES AND BOONE, LLP
2801 N. Harwood Street
Suite 2300
Dallas, Texas 75201
(214) 651-5000 (telephone)
(214) 200-0615 (fax)

**COUNSEL FOR DEFENDANTS REPAY HOLDINGS CORPORATION AND REPAY HOLDINGS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2024, a true and correct copy of the foregoing was served on all counsel of record via the Court's electronic filing system.

/s/ David H. Harper

11