**FILED UNDER SEAL**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| Autoscribe Corporation, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:23-cv-00349-JRG |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| Repay Holdings Corporation, Repay | § | |
| Holdings, LLC, and M&A Ventures, LLC | § | **FILED UNDER SEAL** |
| | § | |
| Defendants. | § | |
| | § | |

## DECLARATION OF TYLER DEMPSEY

I, Tyler Dempsey, declare as follows:

1.      My name is Tyler Dempsey. I am over 21 years of age, of sound mind, and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am General Counsel for defendant M&A Ventures, LLC ("M&A").

3.      This declaration is submitted as Exhibit A in support of M&A Motion to Dismiss for Improper Venue under Federal Rules of Civil Procedure 12(b)(3), and 28 U.S.C. § 1406(a), or in the alternative, Motion to Transfer Venue to the U.S. District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) ("M&A Motion").

4.      I hereby incorporate statements made in my previous declaration submitted as Exhibit C in support Repay Holdings Corporation and Repay Holdings, LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 28 U.S.C. § 1406(a), or in the alternative, Motion to Transfer Venue to the

**DECLARATION OF TYLER DEMPSEY – M&A Motion to Dismiss**                                          1

U.S. District Court for the Northern District of Georgia under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) ("REPAY Motion to Dismiss").

5.      M&A is organized under the laws of Georgia and headquartered at 3 West Paces Ferry Road, Suite 200, Atlanta, Georgia 30305.

6.      M&A maintains its main office in Georgia and conducts business there and in other locations across the United States providing payment processing services. A significant number of employees who conduct work on behalf of M&A are located in Georgia.

7.      M&A is maintained as a separate corporate subsidiary of Repay Holdings, LLC which itself is an indirect corporate subsidiary of Repay Holdings Corp.

8.      M&A maintains its own corporate officers. Some, but not all corporate officers, are common to other Repay entities.

9.      M&A maintains separate corporate bank accounts from which payment of M&A expenses are disbursed.

10.     A Legal Entity Identifier, or "LEI," is a unique identification code identifying the precise entity party to a particular transaction. M&A possess a LEI which identifies the M&A Ventures, LLC entity as party to particular transactions.

11.     M&A has payment processing customers located in the Eastern District of Texas and conducts business within the district. M&A does not have a physical place of business in the District. M&A does not conduct any business with any customer through any physical office located in the District.

12.     The office cited in the Complaint, located at 5830 Crescent Drive, Suite 100, The Colony, TX 75056, is leased and maintained by CDT Technologies Ltd ("CDT Technologies") where CDT Technologies services its own customers M&A does not lease or own the location in

**DECLARATION OF TYLER DEMPSEY – M&A Motion to Dismiss**                    2

The Colony. M&A and CDT are both subsidiaries of Repay Holdings, LLC, which itself is an indirect subsidiary of Repay Holdings Corp.

13. M&A does not finance CDT Technologies. M&A does not pay the expenses of CDT Technologies. The daily operations of M&A and CDT Technologies are separate.

14. CDT Technologies previously operated as an independent entity, Ventanex, prior to acquisition by Repay Holdings, LLC. CDT Technologies was maintained as a separate entity after acquisition. CDT Technologies does not operate with inadequate capital.

15. M&A Ventures does not use The Colony location to design, implement, or perform the accused functionality in this case, the "Payment API" solution as Autoscribe has defined it in the Complaint which would include customer interaction with the Repay Payment API. Repay Holdings Corp. and Repay Holdings, LLC do not use The Colony location to design, implement, or perform the accused functionality in this case. No employee assigned to The Colony location performs work related to the "Payment API."

16. Repay Holdings Corp. and Repay Holdings, LLC have identified Timothy Murphy and Christina Bracken as potential witnesses possessing knowledge of Repay Holdings Corp., Repay Holdings, LLC, and M&A's accounting, financials and revenue related to the Accused Products. Both witnesses are located in Georgia.

17. Repay Holdings Corp. and Repay Holdings, LLC have identified Kristen Hoyman and Megan Carswell as potential witnesses having information related to Repay Holdings Corp., Repay Holdings, LLC, and M&A's marketing efforts of the Accused Products. Both witnesses are located in Atlanta, Georgia.

18.     Repay Holdings Corp. and Repay Holdings LLC have identified David Guthrie and Srini Manickam as potential witnesses having information related to the design and functionality of the Accused Products. Both witnesses are located in Georgia.

19.     At this time, no relevant witnesses located in the Eastern District of Texas have been identified.

20.     M&A has not identified any additional potential witnesses other than those already identified by Repay Holdings Corp. and Repay Holdings, LLC.

Signed this date in Atlanta, Georgia, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed February 9, 2024.

Tyler Dempsey