IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUTOSCRIBE CORPORATION § § Plaintiff § § v. § § M&A VENTURES, LLC § Defendant. § § § § | Case No. 1:24-cv-04282-SCJ JURY TRIAL DEMANDED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

**(a) Describe briefly the nature of this action.**

This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and governed by the Patent Local Rules of this Court.

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

This is a patent infringement lawsuit involving United States Patent No. 11,620,621 ("the '621 patent"). Autoscribe Corporation ("Autoscribe") has alleged infringement of the '621 patent by M&A Ventures, LLC ("M&A"). M&A denies that it infringes the '621 patent and asserts a number of affirmative defenses,

1

including non-infringement and alleged invalidity of the '621 patent under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**(c) The legal issues to be tried are as follows:**

1. Whether M&A has infringed any claim of the '621 patent, directly or indirectly.

2. Whether the '621 patent is invalid.

3. Whether the '621 patent claims patent-eligible subject matter.

4. The proper amount of damages to be awarded, or reasonable royalty, to Autoscribe due to the alleged infringement by M&A of one or more claims of the '621 patent asserted by Autoscribe.

5. Whether Autoscribe is entitled to enhanced damages as a result of M&A's alleged willful infringement of the '621 patent.

6. Whether either party should be awarded its attorney's fees and costs of this action.

7. Whether a permanent injunction or ongoing royalty is appropriate if infringement is found.

**(d) The cases listed below (include both style and action number) are:**

**a. Pending Related Cases:**

- *M & A Ventures, LLC et al v. Autoscribe Corporation*, No. IPR2024-01159 (PTAB), not yet instituted;

- *Autoscribe Corporation v. Nuvei Corporation et al*, No. 2-24-cv-00325 (EDTX);

- *Autoscribe Corporation v. Tsevo, LLC et al*, No. 4-24-cv-03104 (SDTX).

    b. **Previously Adjudicated Related Cases:**

- *Autoscribe Corporation v. Paysafe Limited et al*, No. 3-24-cv-00104 (SDTX);

- *Autoscribe Corporation v. PCI Booking Limited*, No. 3-24-cv-00081 (SDTX);

- *Autoscribe Corporation v. Payment Savvy, LLC*, No. 2-23-cv-00390 (EDTX);

- *Autoscribe Corporation v. Fortis Payment Systems, LLC*, No. 2-23-cv-00364 (EDTX).

2. **This case is complex because it possesses one or more of the features listed below (please check):**

    ____(1) Unusually large number of parties

    ____(2) Unusually large number of claims or defenses

    ____(3) Factual issues are exceptionally complex

    ____(4) Greater than normal volume of evidence

    ____(5) Extended discovery period is needed

    ____(6) Problems locating or preserving evidence

  ____(7) Pending parallel investigations or action by government

  __X_(8) Multiple use of experts

  ____(9) Need for discovery outside Untied States boundaries

  __X_(10) Existence of highly technical issues and proof

  ____ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Jason McManis (*pro hac vice*)

Defendant: David H. Harper (*pro hac vice*)

4. **Jurisdiction:**

Is there any question regarding this Court's Jurisdiction?

_____ Yes   __X__ No

5. **Parties to This Action**

(a) **The following persons are necessary parties who have not been joined:**

 There are no persons who are necessary parties who have not been joined.

(b) **The following persons are improperly joined as parties:** No person is improperly joined as a party.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

(d) **The parties shall have a continuing duty to inform the Court' of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors int eh statement of a party's name.**

6. **Amendments to the Pleadings:**

(a) Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(b) **List separately any amendments to the pleadings that the parties anticipate will be necessary:** The parties do not, at this time, anticipate that any amendments to the pleadings will be necessary; however, the parties reserve the right to amend the pleadings to the extent that they deem necessary in view of further analysis, discovery and/or other unforeseen developments, subject to the requirements of the Federal Rules, the Local Rules of this Court, and/or the Patent Local Rules of this Court regarding any such amendments.

(c) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should

have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.** The parties have served initial disclosures.

9. **Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not believe a scheduling conference is necessary at this time. The parties have agreed on scheduling deadlines in this case pursuant to this Court's Local Rules and Patent Local Rules and consistent with the Court's Order Appointing a Special Master (Dkt. 120).

10. **Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

The parties jointly propose a litigation schedule, attached as Exhibit A.

**Cases in this court are assigned to one of the following three (3) discovery tracks (a) zero (0)-months discovery period, (b) four (4)-months discovery**

**period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery tract by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties have already begun discovery into the subject areas necessary for this case and anticipate continuing to conduct discovery in the following subject areas:

- Alleged infringement by Defendant with respect to each asserted claim of the patent-in-suit;

- Affirmative defenses raised by Defendant;

- Facts and circumstances surrounding the '621 patent conception and reduction to practice of the subject matter claimed;

- Facts and circumstances surrounding the prosecution of the application that issued as the '621 patent;

- Facts and circumstances surrounding prior art to the '621 patent;

- Facts and circumstances surrounding any actual or attempted assignment, license, or transfer of title of the '621 patent or applications leading thereto;

- Facts and circumstances surrounding the invalidity of each asserted claim of the '621 patent;

- Facts and circumstances surrounding Defendant's affirmative defenses; and

- Damages, or a reasonable royalty, as a result of Defendant's alleged infringement.

- The parties reserve the right to pursue discovery of other issues as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties will work diligently to meet the agreed-upon discovery schedule.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The parties do not currently suggest any changes to the limitations of discovery imposed under the Federal of Civil Procedure or Local Rules of this Court.

**(b) Is any party seeking discovery of electronically stored information?**

_____X_____ Yes          _____ No

**If "yes,"**

1) **The parties have discussed the sources and scope of production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties previously submitted an agreed ESI Order which was entered by the Court in the Eastern District of Texas (Doc. 80) and the parties understand it is still in effect. Unless the Court wishes the parties to resubmit a proposed ESI Order, then the parties do not believe any other orders are necessary in response to this question.

2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties previously submitted an agreed ESI Order which was entered by the Court in the Eastern District of Texas (Doc. 80) and the parties understand it is still in effect. Unless the Court wishes the parties to resubmit a proposed ESI Order, then the parties do not believe any other orders are necessary in response to this question.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

12. Other Orders:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties previously submitted an agreed protective order which was entered by the Court in the Eastern District of Texas (Doc. 44) and the parties understand it is still in effect. Unless the Court wishes the parties to resubmit a proposed protective order, then the parties do not believe any other orders are necessary in response to this question.

13. Settlement Potential:

The parties have discussed settlement several times. Currently, the parties have a significant difference in their respective settlement proposals.

(a) **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on** December 4, 2023.

**For Plaintiff:**

**Lead Counsel (signature):** */s/ Jason McManis*

**Other participants for Plaintiff:** */s/ Colin Phillips*

**For Defendant:**

**Lead Counsel (signature):** */s/ David Harper*

**Other participants for Defendant:** Rich Miller, Marron Frith

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) **a possibility of settlement before discovery.**

(__X__) **a possibility of settlement after discovery.**

(_____) **a possibility of settlement, but a conference with the judge is needed.**

(_____) **No possibility of settlement.**

(c) **Counsel (_X_) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is** not scheduled. However, the parties contemplate that they may decide to conduct one or more informal settlement conferences prior to the close of discovery.

12

(d) **The following specific problems have created a hindrance to settlement of this case:**

The parties have not faced any specific problems, other than both sides have differing views on the merits of the case at this time.

14. **Trial by Magistrate Judge**

    **Note: Trial before a Magistrate Judge will be a jury trial if a party is otherwise entitled to a jury trial.**

    (a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a Untied States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20__.

    (b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| Dated: November 7, 2024 | /s/ David H. Harper<br>Richard W. Miller<br>millerw@ballardspahr.com<br>999 Peachtree Street, NE, Suite 1600<br>Atlanta, Georgia 30309<br>(678) 420-9300 (telephone)<br>(678) 420-9301<br><br>David H. Harper (Lead Counsel, *pro hac vice*)<br>Texas Bar No. 09025540<br>david.harper@haynesboone.com<br>Stephanie N. Sivinski (*pro hac vice*)<br>Texas Bar No. 24075080<br>stephanie.sivinski@haynesboone.com<br>Marron E. Frith (*pro hac vice*)<br>TX Bar No. 24137884<br>marron.frith@haynesboone.com<br>Jamie Raju (*pro hac vice*)<br>TX Bar No. 24095717<br>jamie.jaju@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street<br>Suite 2300<br>Dallas, Texas 75201<br>(214) 651-5000 (telephone)<br>(214) 200-0615 (fax)<br><br>**COUNSEL FOR DEFENDANT M&A VENTURES, LLC** |

*/s/ Jason McManis*
Jason McManis (SBN# 24088032)
Colin Phillips (SBN# 24105937)
Chun Deng (SBN# 24133178)
Angela Peterson (SBN# 24137111)
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
apeterson@azalaw.com

David S. Moreland (#521998)
Meunier Carlin & Curfman LLC
999 Peachtree St NE, Ste. 1300
Atlanta, Georgia 30309
(404) 645-7700
dmoreland@mcciplaw.com

**ATTORNEYS FOR AUTOSCRIBE CORPORATION**

## **SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders the same, including the attached Litigation Schedule, shall govern the parties in this case.

IT IS SO ORDERED, this ___ day of _____, 2024.

_____
United States District Judge

# EXHIBIT A

# PROPOSED LITIGATION SCHEDULE[1]

| Task | (Patent) Local Rule | Deadline |
|---|---|---|
| Simultaneous Opening Claim Construction Briefs Due | LPR 6.5(a) | 12/12/2024 |
| Simultaneous Responsive Claim Construction Briefs Due | LPR 6.5(b) | 01/24/2024 |
| Claim Construction Hearing | LPR 6.6 | TBD[2] |
| End of Fact Discovery Period | LPR 6.7 | 45 days after Court's claim construction ruling |
| Initial Expert Witness Disclosures – Issues on which each party bears the burden of proof | LPR 7.1(b) | 30 days after end of fact discovery |
| Initial Expert Witness Disclosures – Issues on which the opposing party bears the burden of proof | LPR 7.1(c) | 30 days after initial expert disclosures |
| Rebuttal Expert Witness Disclosures | LPR 7.1(d) | 10 days after second expert disclosures |
| Depositions of Expert Witnesses Begin | LPR 7.2 | 7 days after rebuttal |

---

[1] The parties have not included those deadlines which have already passed while the litigation was proceeding in the Eastern District of Texas.
[2] In no event later than Tuesday, April 8, 2025 per the Court's Order Appointing a Special Master (Dkt. 120).

|  |  | expert disclosures |
|---|---|---|
| Depositions of Expert Witnesses end | LPR 7.2 | 30 days after depositions of expert witnesses begin |
| Dispositive Motion Deadline | LR. 56.1 | 30 days after end of period for expert depositions |
| Pretrial Statement | LR 16.4 | 30 days after Court's ruling(s) on dispositive motions |
| Pretrial Conference |  | TBD |
| Trial |  | TBD |