**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **AUTOSCRIBE CORPORATION,**  Plaintiff,  v.  **M&A VENTURS, LLC,**  Defendant. | **CIVIL ACTION FILE**  No. 1:24-CV-4282-SCJ |

**ORDER APPOINTING SPECIAL MASTER**

Federal Rule of Civil Procedure 53(a)(1) permits the appointment of special masters to (1) "perform duties consented to by the parties;" (2) "make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by . . . some exceptional condition;" and (3) "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

This case involves a patent (U.S. Patent No. 11,620,621 (the "'621 Patent")) directed to systems and methods for obtaining and using account information to process financial payments. Doc. No. [99], ¶ 14. Plaintiff asserts that Defendant infringes one or more method claims, including claim 1, of the '621 Patent. See

id. at ¶ 24. There are 11 claim terms in dispute. Doc. No. [98-1].The large number and complexity of claims in dispute—particularly viewed in light of the Court's full docket—constitutes an exceptional circumstance that warrants a special master. Accordingly, on October 8, 2024, the Court notified the Parties that it intended to appoint a special master and included a proposed order of appointment. See Doc. No. [58]; Fed. R. Civ. P. 53(b)(1) ("Before appointing a master, the court must give the parties notice and an opportunity to be heard.").

Neither Party objected to the appointment of a Special Master, and they jointly agreed that Attorney Bill Dyer of Lee & Hayes be appointed as Special Master. Accordingly, the Court **APPOINTS Bill Dyer** of Lee & Hayes as Special Master pursuant to Federal Rule of Civil Procedure 53(a)(1). The Court **ORDERS** as follows:

(1) The Special Master shall conduct a Markman hearing and thereafter issue a Report and Recommendation.

(2) The Special Master shall reasonably determine the appropriate procedures for resolving all assigned matters after consultation with the Parties and shall have the authority to take all appropriate measures to perform the assigned duties. The Special Master shall

2

consult with the Parties to schedule an appropriate date and location for the Markman hearing.

(3) In conjunction with holding the Markman hearing, the Special Master shall consider the parties Joint Claim Construction Statement, Opening Claim Briefs, and Responsive Claim Briefs.[1] The Special Master may also grant the Parties leave to file surreply briefs or post-hearing briefs if he deems that necessary.

(4) The Special Master is directed to proceed with all reasonable diligence to complete the tasks assigned by this Order.

(5) Pursuant to Rule 53(a)(2) and 53(b)(3), the Special Master shall file an affidavit with this Court stating that he has no relationship to the Parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455. During the course of these proceedings, the Special Master and the Parties shall notify this

---

[1] The Parties have agreed that December 12, 2024 will be the deadline for Simultaneous Exchange of Opening Claim Construction Briefs and January 24, 2025 will be the deadline for Simultaneous Exchange of Responsive Claim Construction Briefs.

3

        Court immediately if they become aware of any potential grounds that would require disqualification.

(6)    The Parties and the Special Master may not communicate on an ex parte basis. The Special Master, however, may contact the Court on an ex parte basis to discuss any matters relevant to this case.

(7)    The Parties shall file with the Clerk all papers filed for consideration by the Master, to the extent not already filed with the Clerk. The Special Master shall also file with the Clerk all reports or orders.

(8)    The Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and of any written orders, findings, or recommendations. The Special Master shall file any written orders, findings, or recommendations with the Court via the Court's electronic docketing software. That filing shall constitute service in accordance with NDGa., LR 5.1(A).

(9)    Court action on any Special Master written order, finding, or recommendation shall comply with Fed. R. Civ. P. 53(f).

(10) Any party seeking review of any Special Master ruling shall comply with the procedures and within the time limits specified in Fed. R. Civ. P. 53(f).

(11) The Court has considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay. Pursuant to Rule 53(g), the Special Master shall be compensated at his hourly rate for work done pursuant to this Order and shall be reimbursed for all reasonable expenses incurred. The Special Master shall not charge for travel time, but shall charge for travel expenses to the extent they are incurred. The Special Master shall provide an invoice for his services to all the parties on a monthly basis and those bills shall be promptly paid. The Special Master's fee shall be allocated equally between the Plaintiff's side and the Defendant's side.

**IT IS SO ORDERED** this 8th day of November, 2024.

/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**