IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUTOSCRIBE CORPORATION § § Plaintiff § § v. § § M&A VENTURES, LLC § Defendant. § § § § | Case No. 1:24-cv-04282-SCJ JURY TRIAL DEMANDED |

# **BRIEF IN SUPPORT OF MOTION TO STAY**

# **PENDING INTER PARTES REVIEW**

# Table of Contents

I. Introduction ..................................................................................................1

II. Case Background .......................................................................................1

III. Legal Standard ...........................................................................................3

    A. Inter Partes Review ................................................................................3

    B. Discretionary Stay Pending Inter Partes Review .................................5

IV. Argument ....................................................................................................6

    A. Discovery is not complete and a trial date has not been set. ..............6

    B. A stay will simplify the issues before the court and reduce the burden of litigation on the litigants and the Court. ...........................................7

    C. A stay would not unduly prejudice or present a clear tactical disadvantage to Autoscribe. .................................................................9

V. Conclusion ................................................................................................11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Texas LLC v. Samsung Electronics Co.*,
  No. 14–CV–2717, 2014 WL 3845684 (N.D. Cal. Aug.1, 2014) ............................................. 11

*Autoscribe Corp. v. Fortis Payment Systems, LLC*,
  No. 2:23-cv-00364-JRG ........................................................................................................... 2

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,
  No. 1:16-CV-2669-MHC, 2018 WL 11350482 (N.D. Ga. June 28, 2018) ............................. 4

*Doubleday Acquisitions LLC v. Envirotainer AB*,
  No. 1:21-cv-03749-SCJ, 2022 WL 18778991, at *4 (N.D. Ga. June 3, 2022) ......................... 7

*Epic Tech, LLC v. Pen-Tech Assocs., Inc.*,
  No. 1:20-CV-2428-MHC, 2020 WL 8258736 (N.D. Ga. Sept. 28, 2020) ..................... 6, 9, 11

*Interface, Inc. v Tandus Flooring, Inc.*,
  No. 4:13-cv-46, 2013 WL 5945177 (N.D. Ga. Nov. 5, 2013) .................................................. 5

*IP Co., LLC v. Tropos Networks, Inc.*,
  No. 1:06-cv-0585-CC, 2014 WL 12622444 (N.D. Ga. Mar. 5, 2014) ..................................... 7

*M&A Ventures, LLC, et al. v. Autoscribe Corp.*,
  IPR2024-01159 ........................................................................................................................ 2

*Tomco²Equip. Co. v. Se. Agri-Sys., Inc.*,
  542 F. Supp. 2d 1303 (N.D. Ga. 2008) ................................................................................ 6, 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................... 6

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*,
  No. EDCV 14-01153-VAP, 2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) ........................... 11

**Statutes**

35 U.S.C. §§ 102 and 103 ............................................................................................................. 4

35 U.S.C. § 311 ............................................................................................................................. 4

35 U.S.C. § 314(b) ..................................................................................................................... 4, 9

35 U.S.C. § 315(b) ....................................................................................................................... 10

35 U.S.C. § 315(e)(2) ........................................................................................................4

35 U.S.C. § 318(b) ...........................................................................................................4

**Other Authorities**

37 C.F.R. § 42.100 .........................................................................................................10

37 C.F.R. § 42.100(c) .......................................................................................................4

37 C.F.R. § 42.107 ........................................................................................................4, 9

## I. INTRODUCTION

This case should be stayed to prevent waste of both the Court's and parties' resources in litigating a patent which is potentially invalid. This case involves a single asserted patent, all claims of which are currently being challenged in an *inter partes* review before the Patent Trial and Appeals Board ("PTAB"). Defendant M&A Ventures, LLC ("M&A") seeks a stay of the litigation before this Court pending a determination of the validity of the asserted patent by the PTAB. The case remains in its early stages of fact discovery, and a trial date has not been set. A stay would prevent unnecessary waste of resources on continued fact discovery, claim construction, and expert discovery, which may be entirely unnecessary. The decision by the PTAB will simplify, if not entirely eliminate, the issues before this Court. Further, statutorily imposed timelines guarantee prompt resolution of the issue of the validity of the asserted patent, and a stay would not unduly prejudice Plaintiff Autoscribe Corporation ("Autoscribe"). For these reasons, M&A respectfully requests the Court grant a stay of the litigation pending final resolution of the pending *inter partes* review.

## II. CASE BACKGROUND

Autoscribe filed their initial complaint in the Eastern District of Texas on July 27, 2023 against Repay Holdings Corporation and Repay Holdings, LLC (collectively, "the Repay entities") asserting infringement of U.S. Patent No.

1

11,620,621 (the "'621 Patent"). (Dkt. 1). The only claims for relief are related to the alleged infringement of the '621 Patent. *Id.* On October 10, 2023, the Repay entities filed a motion to dismiss the suit for lack of personal jurisdiction and venue, or in the alternative, a motion to transfer to the Northern District of Georgia. (Dkt. 15). In order to resolve issues of jurisdiction and venue, the Court granted Plaintiff's motion to proceed with conducting limited jurisdictional discovery. (Dkt. 23).

On December 19, 2023, the case was consolidated with *Autoscribe Corp. v. Fortis Payment Systems, LLC*, No. 2:23-cv-00364-JRG where Autoscribe had similarly asserted the '621 Patent against another defendant in the Eastern District of Texas. (Dkt. 29). The suit against Defendant Fortis Payment Systems, LLC was later dismissed pursuant to settlement. (Dkt. 77). On January 8, 2024, Autoscribe amended its complaint to add M&A Ventures, LLC ("M&A"), an entity related to the Repay Entities, as a defendant. (Dkt. 36). On July 18, 2024, the Repay entities and M&A jointly filed a petition for *inter partes* review of the '621 Patent challenging the validity of all asserted claims. Ex. A. (*M&A Ventures, LLC, et al. v. Autoscribe Corp.*, IPR2024-01159).[1]

---

[1] A second petition for *inter partes* review of the '621 Patent was filed on November 6, 2024 by Petitioner Nuvei Technologies, Inc. challenging the validity of all claims of the '621 Patent. (IPR2025-00089). Autoscribe has asserted the '621 Patent against Nuvei Technologies Inc. in the Eastern District of Texas. *Autoscribe Corporation v. Nuvei Corporation et al*, No. 2-24-cv-00325 (EDTX).

2

On July 16, 2024, Autoscribe dismissed its suit against the Repay entities with M&A remaining as the sole defendant. (Dkt. 88). The Eastern District of Texas ultimately granted M&A's Motion to Dismiss for Improper Venue and the case was transferred to the Northern District of Georgia on September 24, 2024. (Dkt. 102; Dkt. 105).

Discovery remains ongoing in this case. The parties have exchanged written discovery but have not yet conducted email discovery. The parties have exchanged terms for claim construction and submitted their Joint Claim Construction and Prehearing Statement. (Dkt. 98). The parties have submitted a proposed schedule for claim construction based on the Court's Order appointing a special master. (Dkt. 120; Dkt. 128). Claim construction briefing has not begun, and the parties do not propose submitting opening claim construction briefs until the Court has appointed its special master for the purposes of claim construction. (Dkt. 120; Dkt. 128). A trial date has not been set.

### III.   LEGAL STANDARD

#### A. Inter Partes Review

The *inter partes* review process was established by the Leahy-Smith America Invents Act to streamline and facilitate patent validity challenges before the Patent Trial and Appeals Board. This process allows a person who is not the owner of a patent to challenge the validity of patent claims on the grounds of

anticipation or obviousness under 35 U.S.C. §§ 102 and 103, respectively, based on prior art. 35 U.S.C. § 311. This process "is intended to be a more efficient way of hearing patent challenges." *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2018 WL 11350482, at *2 (N.D. Ga. June 28, 2018).

Upon petition, the PTAB is authorized to review challenged claims. *See* 35 U.S.C. § 318(b). If the PTAB finds the challenged claims invalid, the challenged claims are cancelled, and any infringement litigation becomes moot. 35 U.S.C. § 311. If the PTAB determines, however, that the challenged claims are valid, the petitioner is bound by the decision of the PTAB and is estopped from raising the invalidity of those claims in a civil action "on any ground that the petitioner raised or reasonably could have raised during *inter partes* review." 35 U.S.C. § 315(e)(2). In this way, disputes about the validity of a patent are streamlined through a process by the office which granted the patent. Once a petition has been filed, a patent owner may choose to file a preliminary response three months later, and the PTAB will set forth an institution decision three months after patent owner's response. 37 C.F.R. § 42.107; 35 U.S.C. § 314(b). Once instituted, the deadline for final written decision on validity is set by statute for one year after institution which may be extended only for good cause by the Chief Administrative Patent Judge. 37 C.F.R. § 42.100(c).

## B. *Discretionary Stay Pending Inter Partes Review*

If the defendant in an infringement action seeks *inter partes* review of the allegedly infringed patent, the district court has the discretion to stay the action pending the PTAB's review. *See Interface, Inc. v Tandus Flooring, Inc.*, No. 4:13-cv-46, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013) (citing *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 850–49 (Fed. Cir. 2008)). Several courts have noted the benefits of staying infringement litigation pending post grant proceedings:

- All prior art presented to the court will have been first considered by the PTO, with its particular expertise[;]
- Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
- In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
- The outcome of the reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]
- Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
- The cost will likely be reduced both for the parties and the Court.

*Tomco²Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (alterations in original) (quoting *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)).

The party seeking a stay "bears the burden of showing that a stay is appropriate." *Epic Tech, LLC v. Pen-Tech Assocs., Inc.*, No. 1:20-CV-2428-MHC, 2020 WL 8258736, at *2 (N.D. Ga. Sept. 28, 2020). In making its determination, the Court should balance the competing interests of the parties and consider whether the stay: (1) would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) will simplify the issues in the civil case; (3) will reduce the burden of litigation on the litigants or the court; and (4) would be implemented when discovery is complete or a trial date has been set. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).

### IV.    ARGUMENT

#### A. *Discovery is not complete and a trial date has not been set.*

While this case has been pending for over a year, it still remains in the early stages of litigation. Discovery is currently ongoing. Email discovery has not occurred, no fact witness has been deposed, claim construction has not occurred, and expert discovery has not yet begun.[2] This case was very recently transferred

---

[2] A witness on behalf of the Repay entities was deposed for the limited purpose of jurisdictional discovery.

6

into this Court and thus, a schedule has not been set. A date for the close of discovery has not been set, and per the local patent rules, that date will not occur until after the Court issues its claim construction ruling. LPR 6.7. A trial date has likewise not been set. The facts of the present case are similar to this Court's decision in *Doubleday Acquisitions LLC v. Envirotainer AB* where a stay was favored where no trial date had been set, discovery was ongoing, and the Court had yet to undertake the claim construction process. No. 1:21-cv-03749-SCJ, 2022 WL 18778991, at *4 (N.D. Ga. June 3, 2022). The lack of trial date alone favors a stay. *See Tomco*, 2 542 F. Supp. 2d at 1312 (holding that a stay was appropriate where a trial date was not set, even though the case was "relatively late in discovery"). The Court should look to the reality of timing of the trial rather than the length of which the case has already been pending. *See IP Co., LLC v. Tropos Networks, Inc.*, No. 1:06-cv-0585-CC, 2014 WL 12622444, at *2 (N.D. Ga. Mar. 5, 2014). The timing of this litigation weighs in favor of a stay.

### B. A stay will simplify the issues before the court and reduce the burden of litigation on the litigants and the Court.

The currently pending IPR will simplify, and potentially eliminate, issues for this Court to decide. "*Inter partes* reviews often further judicial economy by, among other things, addressing validity issues, focusing other substantive and evidentiary issues in the case, and developing the prior art and prosecution

7

history." *Doubleday Acquisitions*, 2022 WL 18778991, at *4. All claims subject to this litigation are also subject to M&A's petition for review. A finding by the PTAB that the '621 Patent is invalid may entirely resolve this action. If the PTAB cancels some claims, the case will be simplified by a reduction of the claims in dispute. Even if the PTAB validates the claims, the decision of the PTAB will simplify M&A's validity defenses based on printed prior art before this Court. Additionally, any interpretation of the '621 Patent by the PTAB could shed light on issues of claim construction as well.

A stay would necessarily reduce the burden on M&A to continue its defense against a potentially invalid patent. The parties have yet to conduct claim construction, email discovery, or expert discovery in this case. The resources that each litigant will devote to these issues alone need not be wasted unnecessarily. This does not even consider the resources the Court will need to devote to resolving these issues. Although the Court plans to appoint a special master to preside over claim construction, absent a stay, the Court will still expend resources to oversee the claim construction process. A stay would promote efficiency of the issues to be decided by the Court and would prevent needless expenditure of the Court's and the parties' resources. These factors favor a stay.

### *C. A stay would not unduly prejudice or present a clear tactical disadvantage to Autoscribe.*

A stay of this litigation would not unduly prejudice Autoscribe. While staying the litigation might delay the final resolution of the dispute, such an inherent risk of delay is not dispositive. *See Epic Tech, LLC v. Pen-Tech Assocs., Inc.*, No. 1:20-CV-2428-MHC, 2020 WL 8258736, at *4 (N.D. Ga. Sept. 28, 2020) (citing *Neste Oil Oyj v. Dynamic Fuels, LLC*, No. 12-662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013). The question is not whether any stay would result in delay, but rather whether a stay would *unduly prejudice* Autoscribe. In the analysis of any potential prejudice to the patent owner, Courts have considered four sub-factors: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Epic Tech,* 2020 WL 8258736, at *4.

First, the status of the review proceeding favors a stay. The *inter partes* review request is currently pending, and Patent Owner's response was submitted a on October 31, 2024. *See* 37 C.F.R. § 42.107. An institution decision is required by late January 2025. *See* 35 U.S.C. § 314(b). While "'the case for a stay is stronger after post-grant review has been instituted,' courts have granted motions to stay before the PTAB decided whether to institute an *inter partes* review." *Doubleday Acquisitions LLC,* 2022 WL 18778991, at *4 (citing *VirtualAgility Inc. v.*

9

*Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014). Although the IPR has not yet been instituted here, the timing of the proceeding favors a stay. By the time the briefing is complete on the instant motion, the institution decision will be less than two months away. Further, the PTAB is required to issue its final determination no more than one year after initiation of the review, thus any concern of a significant delay is unwarranted. *See* 37 C.F.R. § 42.100. A stay here would not create a prejudicial delay. And if institution were denied, any intervening delay will be minor to the Autoscribe. The present case tracks closely with *Doubleday* where this Court reasoned that Plaintiff would not be unduly prejudiced by a stay where an institution decision was imminent. *Doubleday Acquisitions LLC,* 2022 WL 18778991, at *4.

Regarding the second sub-factors, M&A sought the *inter partes* review request within the one-year period prescribed by the statute. *See* 35 U.S.C. § 315(b). As for the timing of this request to stay, M&A did not seek a stay with the Eastern District of Texas while their Motion to Dismiss or Transfer was still pending as venue was improper as to M&A in that district. It has been M&A's intention to move for a stay once the case was transferred to its proper jurisdiction. M&A is seeking this stay less than two months after the case was transferred to in this Court before any substantive proceeding. This weighs in favor of a stay.

10

Regarding the fourth sub-factor, the Court must consider the relationship of the parties, including whether the parties are direct competitors. *Epic Tech,* 2020 WL 8258736, at *5. However, "there may be less cause for concern [] when there are multiple parties in the relevant market." *Id.* Here, there are a significant number of parties in the payment processing marketplace. M&A and Autoscribe are certainly not the only parties offering payment processing services. Analysis of the prejudice factor "necessitates examining the circumstances of the case to determine if monetary damages are sufficient to compensate for harm incurred during a potential stay." *Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015). "Courts repeatedly have … found no undue prejudice unless the patentee makes a showing of specific prejudice beyond the delay necessarily inherent in any stay." *Affinity Labs of Texas LLC v. Samsung Electronics Co.*, No. 14–CV–2717, 2014 WL 3845684, at *4 (N.D. Cal. Aug.1, 2014). Autoscribe has not moved for a temporary restraining order or a preliminary injunction in this matter and has not presented evidence of harm which could not be compensated through monetary damages. This factor favors a stay.

V.   **CONCLUSION**

This litigation remains at its early stages with discovery ongoing and claim construction, expert discovery, and trial have not been scheduled. A stay of the

present litigation pending a final determination on the validity of the asserted patent would simplify the issues before the Court and would not unduly prejudice Autoscribe. For these reasons, M&A respectfully requests that the Court stay the litigation pending final resolution of the IPR proceeding before the PTAB.

| | |
|---|---|
| Dated: November 8, 2024 | */s/ Stephanie N. Sivinski*<br>Richard Miller<br>Georgia Bar No. 065257<br>Ballard Spahr LLP<br>999 Peachtree Street NE, Suite 1600<br>Atlanta, Georgia 30062<br>Telephone: 678-420-9340<br>Email: millerrw@ballardspahr.com<br><br>David H. Harper (*pro hac vice*)<br>Texas Bar No. 09025540<br>david.harper@haynesboone.com<br>Stephanie N. Sivinski (*pro hac vice*)<br>Texas Bar No. 24075080<br>stephanie.sivinski@haynesboone.com<br>Marron E. Frith (*pro hac vice*)<br>TX Bar No. 24137884<br>marron.frith@haynesboone.com<br>Jamie Raju (*pro hac vice*)<br>TX Bar No. 24095717<br>jamie.jaju@haynesboone.com<br>HAYNES AND BOONE, LLP<br>2801 N. Harwood Street<br>Suite 2300<br>Dallas, Texas 75201<br>(214) 651-5000 (telephone)<br>(214) 200-0615 (fax) |

**COUNSEL FOR DEFENDANT M&A VENTURES, LLC**

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman font.

*/s/ Stephanie N. Sivinski*
Stephanie N. Sivinski

2

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record was served this BRIEF IN SUPPORT OF MOTION TO STAY PENDING INTER PARTES REVIEW via the Court's ECF system on November 8, 2024.

                              */s/ Stephanie N. Sivinski*
                              Stephanie N. Sivinski