# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORHTERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AUTOSCRIBE CORPORATION §
§
    Plaintiff §
§   Case No. 1:24-cv-04282-SCJ
§
    v. §
§   JURY TRIAL DEMANDED
§
M&A VENTURES, LLC §
    Defendant. §
§
§

---

## AUTOSCRIBE'S OPPOSITION TO DEFENDANT'S MOTION TO STAY LITIGATION PENDING INTER PARTES REVIEW

---

## <u>TABLE OF CONTENTS</u>

Page

I.      INTRODUCTON ......................................................................1

II.     ARGUMENT & AUTHORITIES ...........................................4

     A.     Staying this matter would allow M&A to abuse the IPR process to delay proceedings and unduly prejudice Autoscribe. ......................5

     B.     A stay will not necessarily simplify the issues for trial. .................9

     C.     This case has been pending for almost sixteen months with significant disclosures and briefing completed; granting the stay could delay trial by more than a year............................................12

III.    CONCLUSION .......................................................................15

<u>TABLE OF AUTHORITIES</u>

Cases

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*,
   No. 6:12-CV-1727-ORL-37, 2013 WL 1969247 (M.D. Fla. May 13, 2013) ......10

*Cooper Notification, Inc. v. Twitter, Inc.*,
   No. CIV. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ....................9

*Doubleday Acquisitions*, *LLC v. Envirotainer AB, et al.*,
   No. 1:21-cv-03749-SCJ, 2022 WL 18778991(N.D. Ga. June 3, 2022) ..............12

*Epic Tech, LLC v. Pen-Tech Associates, Inc.*,
   No. 1:20-CV-2428-MHC, 2020 WL 8258736 (N.D. Ga. Sept. 28, 2020) ............4

*Force Mos Tech. Co., Ltd v. Asustek Comput.*,
   No. 2:22-CV-00460-JRG, 2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ...........9

*Intell. Ventures I LLC v. Toshiba Corp.*,
   No. CIV. 13-453, 2015 WL 3773779 (D. Del. May 15, 2015) ...........................11

*Invensas Corp. v. Samsung Elecs. Co.*,
   No. 17-1363, 2018 WL 4762957 (D. Del. Oct. 2, 2018) ...................................11

*MiMedx Group, Inc. v. Liventa Bioscience, Inc.*,
   No. 1:14-CV-1178-MHC, 2015 WL 13907479 (N.D. Ga. Apr. 6, 2015).... passim

*Murata Machinery USA v. Daifuku Co., Ltd.*,
   830 F.3d 1357 (Fed. Cir. 2016) ...........................................................................5

*Perdiemco LLC v. Telular Corp.*,
   No. 2:16-CV-01408, 2017 WL 2444736 (E.D. Tex. June 6, 2017)......................9

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   853 F.3d 1370 (Fed. Cir. 2017) .........................................................................11

*SoftView LLC v. Apple Inc.*,
   No. 10-389, 2012 WL 3061027 (D. Del. July 26, 2012) ...................................15

*Tomco Equip. Co. v. S.E. Agri-Sys., Inc.*,
  542 F. Supp. 2d 1303 (N.D. Ga. 2008) ...........................................................5, 13

*TruePosition, Inc. v. Polaris Wireless, Inc.*,
  Case No. 12-646, 2013 WL 5701529 (D. Del. Oct. 21, 2013) .......................5, 11

*U.S. Nutraceuticals, LLC v. Cyanotech Corp.*,
  No. 5:12-CV-366-OC-10PRL, 2013 WL 6050744 (M.D. Fla. Nov. 15, 2013)....7, 13

*Unifi Sci. Batteries, LLC v. Sony Mobile Commun. AB*,
  No. 6:12-CV-221, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014)...................8, 14

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013)...................................................... 5, 6, 7

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  No. C 12-05501, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) .............................9

*Wonderland Nurserygoods Co., Ltd. v. Kids II, Inc.*,
  No. 1:13-CV-01114-ELR, 2016 WL 3958733 (N.D. Ga. Feb. 10, 2016) .............9

  Statutes

35 U.S.C. § 311(b) .................................................................................................10

35 U.S.C. § 101 ......................................................................................................10

35 U.S.C. § 112 .................................................................................................. 10, 11

## I.    INTRODUCTION

Autoscribe respectfully asks this Court to deny M&A's Motion on the grounds that it serves no purpose other than to delay a trial and hinder resolution of the issues before this Court. First, a stay in this case would serve only to delay proceedings and create an unfair tactical advantage for M&A while unduly prejudicing Autoscribe. M&A and the Repay Entities have systematically delayed these proceedings for over a year, waiting until mere days before the deadline to file their IPR petition, and then waiting several more months before moving to stay. Autoscribe has already invested a significant amount of time and effort into this litigation. Issuing a stay would result in a massive delay to the resolution of the dispute between the Parties, which is particularly prejudicial given that the parties are direct market competitors.

Second, the IPR is unlikely to simplify the issues in the case because it is entirely speculative whether the IPR will even be instituted, let alone resolved in favor of M&A. Moreover, many of the live disputes involve issues outside the IPR.

Finally, this proceeding is at an advanced stage. The parties have spent months conducting and reviewing discovery, exchanging contentions, and developing a litigation schedule. According to the agreed schedule, the trial date will be before the resolution of the IPR. And a stay would not issue in time to prevent the parties from having to do most of the work underlying the claim construction briefing, which is already well underway.

1

## II.     FACTUAL BACKGROUND

Plaintiff Autoscribe Corporation, Inc. ("Autoscribe") filed suit nearly one-and-a-half years ago, on July 27, 2023, asserting that Repay Holdings Corporation and Repay Holdings, LLC's (collectively "Repay") payment processing solutions, including the "Payment API" infringe U.S. Patent No. 11,620,621 ("the '621 Patent"). *See* Dkt. 1. Four months later, on November 28th, Repay identified M&A Ventures ("M&A") as a previously unidentified entity that was responsible for the Payment API. *Compare* Dkt. No. 15 at p. 3 (describing a "subsidiary not named in this suit"), *with* Declaration of Colin Phillips at ¶ 4 (explaining that Defendant's Responses to Plaintiff's First Set of Interrogatories identified M&A Ventures as the subsidiary not named in this suit). Autoscribe amended its complaint accordingly and named M&A as an additional defendant on January 8, 2024. Dkt. 36.[1]

M&A (and Repay) first raised the prospect of *inter partes* review (IPR) proceedings eight months ago, during discussions with Autoscribe in March. Ex. 1. This was already eight months after Autoscribe filed its original complaint, four months after M&A was identified as the operating entity for the Payment API, and two-and-a-half months after M&A was added to the lawsuit. M&A nonetheless delayed an additional ***four months*** before filing an IPR petition on July 18, 2024—nine days short of a year after Autoscribe filed suit. PTAB-IPR2024-01159, Dkt. 4.

---

[1]  The Parties stipulated to dismiss the Repay entities on July 16, 2024. Dkt. No. 88.

Defendants never moved for a stay while this case was pending in the Eastern District of Texas—but as soon as that court issued its Memorandum Opinion and Order granting M&A's Motion to Transfer Venue on September 4, 2024 (Dkt. No. 102), M&A began to stall discovery efforts, including by refusing to identify email search terms and custodians on September 6, 2024, as the Parties had previously agreed. Declaration of Colin Phillips at ¶¶ 8-10; *see also* Ex. 2. Still, M&A delayed for nine more weeks, finally filing this Motion to Stay Pending *Inter Partes* Review ("Motion," Dkt. 131) on November 8th, ***another four months*** after filing its IPR petition.

In the meantime, this litigation has proceeded to an advanced stage, with time and expense to both parties and two District courts. The Parties have served their preliminary claim constructions (Dkts. 86, 87), invalidity and eligibility contentions, and infringement contentions. Declaration of Colin Phillips at ¶¶ 5 – 6. M&A has agreed to a litigation schedule and filed a Joint Discovery Plan. Dkt. 128. Autoscribe has produced and reviewed thousands of pages of discovery, conducted numerous productive conferences with M&A to progress discovery, sent M&A search terms and custodians for email discovery two months ago, and engaged in expert discovery, including Plaintiff's source code expert spending several days at M&A's counsel's office reviewing hundreds of source code files. Ex. 3; *see also* Declaration of Colin Phillips at ¶¶ 3, 9, 11. Presently, claim construction briefing is well

underway, with the initial briefs due on December 12th. *See* Dkt. 128 at 17. The Court has appointed a Special Master to assist in these proceedings. Dkt. 130. While a trial date has not yet been set, the furthest the litigation schedule both parties have agreed to can extend is to November 2025, meaning that trial will take place well before a final written decision on M&A's IPR—*if* it is even instituted in the first place. *See* Dkt. 128 at 17-18.

Despite the advanced stage of litigation and its history of delay tactics, M&A now seeks to stay these proceedings pending its yet-to-be-instituted IPR.

## III.    ARGUMENT & AUTHORITIES

The Court should deny the motion because M&A has not met its burden to show that a stay is warranted in the circumstances.

The movant bears the burden to show that the circumstances support an exercise of the Court's discretion to stay. *Epic Tech, LLC v. Pen-Tech Associates, Inc.,* No. 1:20-CV-2428-MHC, 2020 WL 8258736 (N.D. Ga. Sept. 28, 2020). This Court has typically considered three factors when deciding a motion to stay: (1) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage; (2) whether granting the stay will simplify the issues for trial; and (3) the status of the litigation, particularly whether discovery is complete and a trial date has been set. *See, e.g., Tomco Equip. Co. v. S.E. Agri-Sys., Inc.,* 542 F. Supp. 2d 1303, 1307 (N.D. Ga.

2008); *see also Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Here, each factor weighs against a stay.

### A.    M&A's requested stay is an abuse of the IPR process to delay proceedings and unduly prejudice Autoscribe.

The America Invents Act "seeks to limit the abuse of *inter partes* review as a tool for tactical delay by requiring that a defendant petition for review within one year after being served with the complaint." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013). Nonetheless, IPR filings made within the statutory window but well after the initiation of litigation "suggest an unfair tactical advantage or dilatory motive" and weigh against a stay. *TruePosition, Inc. v. Polaris Wireless, Inc*., Case No. 12-646, 2013 WL 5701529, at *6 (D. Del. Oct. 21, 2013). To evaluate undue prejudice and tactical delay, courts consider four sub-factors: "(1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *MiMedx Group, Inc. v. Liventa Bioscience, Inc.*, No. 1:14-CV-1178-MHC, 2015 WL 13907479, at *4 (N.D. Ga. Apr. 6, 2015).

Here, the timing of both M&A's IPR petition and its request for a stay suggest improper delay tactics. Defendants filed their IPR petition only nine days before the one-year statutory deadline to file an IPR petition after litigation is instituted. *See* PTAB-IPR2024-01159, Dkt. 4. The timing alone weighs against a stay. *See MiMedx*,

2015 WL 13907479, at *4 (finding delay of nine to ten months between filing of the complaint and request for IPR weighed against granting a stay); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013) (holding that a delay of nearly one year weighed against a stay). Moreover, M&A has no legitimate justification—and offers no explanation—for moving at the eleventh hour. They equivocated for months, stating they "intend[ed] to prepare an IPR" as early as March. Ex. 1. Then, during a conference with Autoscribe's counsel on May 24th, M&A's counsel stated it would file an IPR within 30 days. Declaration of Colin Phillips at ¶ 7. It didn't. Instead, M&A allowed the Parties to continue to litigate through preliminary claim constructions, significant and costly source code review, and written and document discovery in the Eastern District of Texas for months.

This delay in filing the IPR is compounded by M&A's delay in requesting a stay. Even after the IPR petition was filed, M&A did not request a stay in the Eastern District of Texas. M&A insists that it was merely waiting until "the case was transferred to its proper jurisdiction," (Dkt. 131 at 10), but this explanation is undercut by M&A's delay in moving to stay this action for weeks after it was transferred to this District. Since this case has been pending in the Northern District of Georgia, Autoscribe has continued to prepare its Markman briefs, this Court

appointed a Special Master,[2] and the Parties negotiated and agreed on a litigation schedule. At no point did M&A even mention or discuss a stay with Plaintiff. If efficiency was truly M&A's priority, all this time and expense could have been avoided. The substantial costs already expended due to M&A's delay weigh against granting a stay. *Universal*, 943 F. Supp. 2d at 1031.

As to the third sub-factor, the status of the IPR proceeding, the fact that "the PTO has not even decided whether to grant the IPR petitions . . . weighs against a stay." *MiMedx*, 2015 WL 13907479, at *5; *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, No. 5:12-CV-366-OC-10PRL, 2013 WL 6050744, at *3 (M.D. Fla. Nov. 15, 2013) (denying a stay where IPR institution decision still pending). Here, the litigation has already dragged on for sixteen months, and the parties' opening claim construction briefs are due before the present Motion is likely to be decided. *See* Dkt. 128 at 17. Granting a stay would therefore serve only to increase the already substantial costs incurred because of M&A's delays. And even if the PTAB did institute the IPR, a Final Written Decision would not be expected until the first quarter of 2026, which would be after a trial on the merits of this case. *See MiMedx,* 2015 WL 13907479 at *5 (explaining the PTO may take six months to determine whether institute an IPR, and then another year to issue a final decision, with the

---

[2] The availability of a Special Master will only serve to expedite the claim construction and discovery process, such that this case can be ready for trial before the end of 2025.

option to extend for an additional six months); *Unifi Sci. Batteries, LLC v. Sony Mobile Commun. AB*, No. 6:12-CV-221, 2014 WL 4494479, at *3 (E.D. Tex. Jan. 14, 2014) (finding undue prejudice where PTAB decision might not issue until after trial date).

Finally, the risk of prejudice is heightened because Autoscribe and M&A are direct competitors. Ongoing infringement by a direct competitor threatens "outsized consequences to the party asserting infringement as occurred, including the potential for loss of market share and an erosion of goodwill." *MiMedx*, 2015 WL 13907479 at *5. Here, it is undisputed that M&A and Autoscribe are competitors in the payment processing marketplace. *See* Dkt. 131 at 11.  The presence of other payment services in the market does not eliminate prejudice or prevent this factor from weighing against a stay. *See MiMedx*, 2015 WL 13907479 at *5-6 (denying a stay where defendants were plaintiff's undisputed direct competitors, which heightened the risk of prejudice even in "a larger market with more players"). Consequently, the fourth subfactor weighs against a stay as well.

Ignoring the significant circumstances weighing against granting a stay for this subfactor, M&A argues that Autoscribe's failure to move for a temporary restraining order or preliminary injunction in this matter "favors a stay." Dkt. 131 at

15. At least five courts have already rejected this argument.[3] Injunction or not, the fact that M&A and Autoscribe are direct competitors is evidence of prejudice, and M&A has not carried its burden to show otherwise.

All four subfactors weigh against a stay. Staying proceedings would subject Autoscribe to unfair prejudice and a tactical disadvantage, with no legitimate justification offered by M&A. Accordingly, this factor weighs heavily against granting Defendant's motion.

### B.    A stay will not necessarily simplify the issues for trial.

It is "only when the PTAB decides whether, and to what extent, to institute review will there be meaningful potential for simplification" of the patent issues in the litigation. *Perdiemco LLC v. Telular Corp.*, No. 2:16-CV-01408, 2017 WL

---

[3]    *See, e.g.*, *Wonderland Nurserygoods Co., Ltd. v. Kids II, Inc.*, No. 1:13-CV-01114-ELR, 2016 WL 3958733 at *5 (N.D. Ga. Feb. 10, 2016), *report and recommendation adopted*, No. 1:13-CV-01114-ELR, 2016 WL 4035521 (N.D. Ga. Mar. 16, 2016); *MiMedx*, 2015 WL 13907479 at *5 (finding prejudice despite the lack of a preliminary injunction because "there are a number of reasons that a plaintiff may choose to forego this option that are unrelated to whether the parties are competitors"); *Force Mos Tech. Co., Ltd v. Asustek Comput.*, No. 2:22-CV-00460-JRG, 2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ("Defendant's argument that this factor weighs in favor of a stay because Plaintiff has not requested an injunction is incorrect"); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) (noting that "several courts have rejected this argument"); *Cooper Notification, Inc. v. Twitter, Inc.*, No. CIV. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) (holding failure to seek an injunction "tells one nothing . . . about the potential irreparability of any harm from any infringement.").

2444736, at *3 (E.D. Tex. June 6, 2017). Consequently, "a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO." *Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-CV-1727-ORL-37, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013).

Here, the IPR has not yet been instituted, and M&A's motion is based on nothing more than the fact that it filed the IPR petition. Therefore, since "the scope of the review is indeterminate" until an institution decision is rendered, a stay would do nothing more than place the parties in "a kind of limbo" that hinders discovery and briefing of issues unrelated to the IPR. *Automatic,* 2013 WL 1969247, at *2-3; *see also MiMedx*, 2015 WL 13907479, at *5 (holding that lack of an institution decision weighed against proceedings because "the Court and the parties cannot know now whether the claims subject to IPR will be the same claims that Plaintiff asserts here").

Further, even if an IPR were instituted to review ***every*** claim, it would not address all the issues before the Court. For example, M&A raised invalidity arguments based on 35 U.S.C. §§ 101 and 112 and non-infringement arguments months ago. *See* Dkt. 128 at 1-2; Declaration of Colin Phillips at ¶ 6. Autoscribe has, unsurprisingly, spent time and effort investigating and developing its responses to these arguments throughout the year. But an IPR is limited to invalidity arguments

based on anticipation and obviousness (and even then, only based on prior art consisting of patents or printed publications). 35 U.S.C. § 311(b). Because the § 112 and claim construction issues do "not entirely overlap with those to be reviewed by the PTAB," a stay is not warranted here. *See Invensas Corp. v. Samsung Elecs. Co.*, No. 17-1363, 2018 WL 4762957, at *3 (D. Del. Oct. 2, 2018) (quoting *TruePosition*, 2013 WL 5701529, at *5 (internal quotations omitted) (holding that where "other challenges, including § 112 arguments, are presented in the litigation which will not be addressed in the IPR proceedings, a stay is disfavored."). In addition, the parties have already begun briefing claim construction, an issue that this Court will ultimately need to decide in the likely event that any claims survive the IPR. *See Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1377 (Fed. Cir. 2017) (explaining that PTAB's claim construction is decided under a less exacting standard and does not bind federal courts).

Any risk of inefficiency in denying M&A's requested stay is outweighed by the advantages of parallel proceedings: "when you keep both the administrative and judicial tracks moving, the competitive business world benefits from the timely presentation of both in the Federal Circuit, the final arbiter of any substantive differences: more information generally makes for a better decision." *Intell. Ventures I LLC v. Toshiba Corp.*, No. CIV. 13-453, 2015 WL 3773779, at *4 (D. Del. May 15, 2015). Given the uncertainty that an IPR will be instituted and the

existence of issues that the PTAB will not resolve, this factor favors denying the stay.

**C.    This case has been pending for almost sixteen months with significant disclosures and briefing completed; granting the stay could delay trial by more than a year.**

In evaluating the status of the litigation, this Court weighs "timing considerations," including "the timing of the stay in relation to discovery and trial." *Doubleday*, 2022 WL 18778991, at *4. The later the stage of the proceedings, the lesser the reason to grant a stay. *MiMedx*, 2015 WL 13907479, at *3. This Court has found this factor weighs against a stay where "a case is not in its initial stages and a significant portion of discovery has been served and briefs have been filed." *Id.*

This case is not in its initial stages. Autoscribe filed suit nearly a year and a half ago. A significant portion of the work has already been done: the Parties have already served initial disclosures, invalidity contentions, and infringement contentions; agreed to a litigation schedule; and completed a significant amount of discovery: the parties have produced and reviewed thousands of pages of documents, exchanged numerous interrogatories, conducted numerous meet and confers, and engaged in lengthy and costly source code review (including hundreds of source code files that equate to thousands of pages of source code).

The fact that "[e]mail discovery has not occurred" is due only to M&A's delay tactics. *See* Dkt. 131 at 6. Autoscribe has pursued email discovery for the better part

of a year, including sending M&A initial search terms and custodians for email discovery more than two months ago. Ex. 3; Declaration of Colin Phillips at ¶ 9. In return, M&A objected to Autoscribe's search terms, failed to identify corresponding custodians and search terms for Autoscribe's identified potential custodians, and only this week agreed to provide hit counts on a term-by-term basis. *Id.* Despite M&A's tactical feet dragging, discovery has proceeded to an advanced stage as described above. This fact weighs against a stay. *See U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, No. 5:12-CV-366-OC-10PRL, 2013 WL 6050744 (M.D. Fla. Nov. 15, 2013) (recommending denial of stay where Defendants' "reluctance to fully participate in discovery is due, in part, to their desire to avoid rendering their motion to stay moot.").

Claim construction is also substantially underway. The Parties have already exchanged initial claim constructions. Dkts. 86, 87; *see Tomco*, 542 F. Supp. 2d at 1312 (holding that the exchange of proposed claim constructions "may suggest that the litigation has proceeded too far to grant a stay"). The parties have agreed to a deadline for the Markman hearing, a Special Master has been appointed, and the Parties are currently in the middle of claim construction briefing. *See* Dkts. 128, 130. In fact, the opening claim construction briefs are due on December 12th—a little more than three weeks after M&A's reply brief is due in this stay proceeding. *See*

Dkt. 128 at 17. Thus, no matter this Court's decision, a significant amount of time and effort constructing claims is inevitable.[4]

And the Court has set an absolute backstop of April 8, 2025 for a *Markman* hearing. So, while M&A is technically correct that no particular hearing date has been set, there is a deadline that acts as a backstop—the hearing can only be earlier than that, not later. And while a trial date is not yet set in this case, the current schedule will likely place the trial date in late 2025—**before** the PTAB's decision in the IPR. *See id.* (the latest date for a Claim Construction hearing is April 8, 2025, with the Pretrial Statement due 212 days after that—making this case ready for trial by November or December, 2025).

When parties have extensively litigated a case, courts routinely find the stage of proceedings weighs against a stay. *See, e.g., MiMedx*, 2015 WL 13907479, at *3 (denying a stay where parties had exchanged initial disclosures, preliminary infringement and invalidity contentions, written discovery, and a joint claim construction statement, even though neither *Markman* hearing nor trial had been set); *Unifi*, 2014 WL 4494479, at *3 (denying a stay where "the cases have been in litigation for over a year and a half" with trial dates set for ten to thirteen months

---

[4] Further, Autoscribe respectfully notes that the Eastern District of Texas issued its ruling on M&A's motion to transfer the same week opening claim construction briefs were due under the Eastern District of Texas's schedule for this case. *See* Dkt. Nos. 34; 105. Accordingly, the Parties engaged in time-consuming briefing efforts to prepare for that deadline earlier this year.

later); *SoftView LLC v. Apple Inc.*, No. 10-389, 2012 WL 3061027, at *4 (D. Del.

July 26, 2012) (denying a stay even where "litigation remains at a relatively early

stage," because "the economies that might otherwise flow from granting a stay early

in a case are somewhat offset by the substantial resources already incurred by both

the parties and the Court in this litigation"). A stay is similarly unwarranted here.

## IV.    CONCLUSION

For the reasons stated above, Autoscribe respectfully asks this Court to deny

M&A's Motion to Stay Litigation Pending Inter Partes Review.


Dated: November 22, 2024            Respectfully submitted,

                                    */s/ Jason McManis*
                                    Jason McManis
                                    State Bar No.: 24088032
                                    Colin Phillips
                                    State Bar No.: 24105937
                                    Chun Deng
                                    State Bar No.: 24133178
                                    Michael Killingsworth
                                    State Bar No.: 24110089
                                    Angela Peterson
                                    State Bar No.:  24137111
                                    Sean Healey
                                    State Bar No.: 24142997
                                    Ahmad, Zavitsanos & Mensing,
                                    PLLC
                                    1221 McKinney Street, Suite
                                    2500
                                    Houston, Texas 77010
                                    (713) 655-1101

jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
mkillingsworth@azalaw.com
apeterson@azalaw.com
shealey@azalaw.com

David S. Moreland
State Bar No.: 521998
Meunier Carlin & Curfman LLC
999 Peachtree St. NE, Ste. 1300
Atlanta, GA 30309
(404) 645-7700
(404) 645-7707 (fax)
dmoreland@mcciplaw.com

***Attorneys for Autoscribe
Corporation***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 22, 2024, a copy of the foregoing and attachments thereto were served via the Court's ECF system on all counsel of record in this matter.

*/s/ Jason McManis*
Jason McManis