# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORHTERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AUTOSCRIBE CORPORATION § § § Plaintiff § § v. § § M&A VENTURES, LLC § § Defendant. § § § | Case No. 1:24-cv-04282-SCJ<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF AUTOSCRIBE CORPORATION'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiff Autoscribe Corporation, by and through counsel, hereby provides this Court with supplemental authority relevant to the parties' claim construction briefing [Dkts. 139, 140, 141, 142].

On July 18, 2024, Defendant M&A Ventures, LLC ("Repay") filed a Petition for *Inter Partes* Review of U.S. Patent No. 11,620,621. *M&A Ventures, LLC, et al. v. Autoscribe Corp.*, IPR2024-01159 (the "Repay IPR").

On January 29, 2025, the Patent Trial and Appeal Board ("PTAB") denied institution of the Repay IPR. *Id.*, Paper 12 (the "Denial Decision").

In the Denial Decision, the PTAB considered the parties' arguments as to two terms proposed for construction[1] and concluded that the terms should be given their plain and ordinary meanings:

> "(1) the step of 'providing a non-sensitive electronic data token representing the sensitive financial account information to the merchant server . . . *without providing the non-sensitive electronic data token to the payer*,' as recited in each of independent claims 1, 8 and 25; and (2) the step of 'receiving the non-sensitive data token from the secure server, wherein . . . the secure server *does not provide the non-sensitive electronic data token to the payer*,' as recited in each of independent claims 15 and 23[.]"
>
> "In summary, upon weighing all of the arguments and evidence bearing on the construction of the 'providing' and 'receiving' steps, we decline to construe these two steps as being limited temporally such that not providing the data token to the payer only occurs '*during execution of the token retrieval function*.' Instead, we construe the 'providing' and 'receiving' steps in accordance with their plain and ordinary meanings … without limiting the occurrence of this negative limitation during execution of the token retrieval function."

*Id.* at 11–12, 21.

The PTAB's Denial Decision, which is relevant to the issues before this Court, is attached as **Exhibit A.**

---

[1] The PTAB "appl[ies] the same claim construction standard used in federal courts, in other words, the claim construction standard that would be used to construe the claim in a civil action." *Id.* at 11. Repay asserted the same proposed constructions as provided in this case, while Autoscribe noted that the terms should be given plain and ordinary meaning.

Dated: February 6, 2025                     Respectfully submitted,

                                                                                            */s/ Jason McManis*
Jason McManis
State Bar No.: 24088032
Colin Phillips
State Bar No.: 24105937
Chun Deng
State Bar No.: 24133178
Michael Killingsworth
State Bar No.: 24110089
Angela Peterson
State Bar No.: 24137111
Sean Healey
State Bar No.: 24142997
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
mkillingsworth@azalaw.com
apeterson@azalaw.com
shealey@azalaw.com

David S. Moreland
State Bar No.: 521998
Meunier Carlin & Curfman LLC
999 Peachtree St. NE, Ste. 1300
Atlanta, GA 30309
(404) 645-7700
(404) 645-7707 (fax)
dmoreland@mcciplaw.com

**Attorneys for Autoscribe Corporation**

## **CERTIFICATE OF SERVICE & COMPLIANCE**

The undersigned hereby certifies that on February 6, 2025, a copy of the foregoing and attachments thereto were served via the Court's ECF system on all counsel of record in this matter.

Pursuant to Local Rule 7.1(D), counsel for Plaintiff Autoscribe Corporation certifies that the foregoing was prepared in 14-point Times New Roman font and otherwise conforms to the requirements of Local Rule 5.1.

*/s/ Jason McManis*
Jason McManis