# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AUTOSCRIBE CORPORATION § | |
| § | |
| Plaintiff § | |
| § | Case No. 1:24-cv-04282-SCJ |
| v. § | |
| § | JURY TRIAL DEMANDED |
| M&A VENTURES, LLC § | |
| § | |
| Defendant. § | |
| § | |

## PLAINTIFF AUTOSCRIBE CORPORATION'S
## OBJECTIONS TO CLAIM CONSTRUCTION ORDER

Pursuant to Federal Rule of Civil Procedure 53(f)(2), Plaintiff Autoscribe Corporation ("Autoscribe") hereby submits the following Objections to the Special Master's Report and Recommendations on Claim Construction (Dkt. No. 154, the "Report"). Autoscribe respectfully requests an order revising Special Master's construction, with respect to the following term of U.S. Patent 11,620,621 (the only patent at issue, the "'621 Patent"):

"obtain[ing] the [second] payment amount" and "forward[ing] at least a portion of the [second] payment" (Claims 1, 2, 8, 9, 15, 23, and 25)

**"obtain[ing] the [second] payment amount" and "forward[ing] at least a portion of the [second] payment amount" (Claims 1, 2, 8, 9, 15, 23, and 25)**

| Special Master's Construction | Autoscribe's Proposed Construction |
|---|---|
| "obtain[ing] the money required for the [second] payment" and "forward[ing] at least a portion of the money required for the [second] payment" | (plain and ordinary)<br><br>"Obtain[ing] the [second] payment amount" and "forward[ing] at least a portion of the [second] payment amount"[1] |

There is only one dispute: given the context, whether the term "payment amount" should be given its plain and ordinary meaning or be redefined as the "money" itself. This is a matter of both factual and legal interpretation, it is subject to *de novo* review. Fed. R. Civ. P. 53(f) (3), (4).

As acknowledged and discussed elsewhere in the Special Master's recommendations: "[c]laim terms are generally given their plain and ordinary meanings to a POSITA in the context of the intrinsic evidence." Dkt. No. 154 at 18 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc)).

---

1 Autoscribe's original proposed construction was: "obtaining the payment amount" and "causing or requesting at least a portion of the payment amount to be sent, directed, or credited." In the Supplemental JCCS (Dkt. No. 152), Autoscribe proposed a simplified construction: "obtaining the payment amount" and "forwarding at least a portion of the payment amount." Autoscribe does not object to the portion of Special Master's recommendation construing "forwarding" in its plain and ordinary meaning, so long as the term "payment amount" is also given its plain and ordinary meaning. *See* Dkt No. 154 at 18. Therefore, Autoscribe's new proposed construction is just the plain and ordinary meaning of the term on its face: "Obtain[ing] the [second] payment amount" and "forward[ing] at least a portion of the [second] payment amount."

1

"There are only two exceptions to construing terms as their plain and ordinary meaning: '1) when a patentee sets out a definition and acts as his own lexicographer or 2) when the patentee disavows the full scope of the claim term either in the specification or during prosecution.'" *Id.* (citing *Golden Bridge Tech. Inc. v. Apple Inc.*, 758 F.3d 1362, 1365 (Fed. Cir. 2014)). "To change the meaning of a claim term, the redefinition must be 'clear and unmistakable.'" *Id.* (citing *GE Lighting Sols., LLC v. AgiLight, Inc.*, 750 F.3d 1304, 1309 (Fed. Cir. 2014)).

Here, there is no "clear and unmistakable" evidence that requires redefinition, and there is no intrinsic evidence that amounts to either lexicography or disclaimer. *See* Dkt. 154 at 13-21. Considering the evidence and the law, the Court should not adopt the Special Master's redefinition.

**A.  The claim language at issue was added pursuant to an examiner interview, which had nothing to do with the scope of "payment amount."**

First, as discussed throughout Autoscribe's briefing, the relevant claim language was added in an Examiner's Amendment that accompanied the Notice of Allowance issued on February 22, 2023. *See* Ex. L[2] at ASC000469, 472, 492, 501. That amendment arose from a January 9, 2023 interview with prosecution counsel, which focused on subject matter eligibility under 35 U.S.C. § 101—which has nothing to do with the scope of "payment amount." *See* Ex. L at ASC000492.

---

[2]  All Exhibit references are to the Exhibits in Plaintiff's Opening (Dkt. No. 140) and Responsive (Dkt. No. 141) Claim Construction Briefs.

2

> executing a token retrieval function, upon initiation by the merchant server via the API, by:
>
> providing [[an]] a non-sensitive electronic data token[[,]] representing the sensitive financial account information ~~provided by the payer,~~ to the merchant server without providing the sensitive financial account information to the merchant server and without providing the non-sensitive electronic data token to the payer; and
>
> processing the payment transaction using the sensitive financial account information ~~provided by the payer; and~~ by generating and transmitting an electronic request requesting the payment amount from the financial account, obtaining the payment amount, and forwarding at least a portion of the payment amount to the payee.

Ex. L at ASC000501; *see also* ASC000472 (showing the relevant claim language addition).

> 5. An examiner's amendment to the record appears below. Should the changes and/or additions be unacceptable to applicant, an amendment may be filed as provided by 37 CFR 1.312. To ensure consideration of such an amendment, it MUST be submitted no later than the payment of the issue fee.
>
> Authorization for this examiner's amendment was given via email correspondence based on an interview with **Jonathan King** (Applicant's representative) on **1/9/23**.

Ex. L at ASC000469 (showing the reasoning behind the amendment).

3

| Applicant-Initiated Interview Summary | Application No. 16/535,424 | Applicant(s) POLLIN et al. | | |
|---|---|---|---|---|
| | Examiner ABDULMAJEED AZIZ | Art Unit 3695 | AIA (First Inventor to File) Status No | Page 1 of 1 |

| All Participants (applicant, applicants representative, PTO personnel) | Title | Type |
|---|---|---|
| ABDULMAJEED AZIZ | Primary Examiner | Telephonic |
| Jonathan King | Attorney of Record | |

**Date of Interview:** 09 January 2023

**Issues Discussed:**

35 U.S.C. 101
Examiner and Applicant negotiated agreement on 101 per the Examiner's amendment.

☑ Attachment

Ex. L at ASC000492 (showing the issues discussed on the January 9, 2023, interview).

**B.    In making this amendment, Autoscribe's prosecution counsel explicitly distinguished between (1) the secure server and (2) "the entity that causes the payment amount to be transferred."**

Further, the comment [JRK3] by Autoscribe's prosecution counsel explained the reasoning behind adding the "forwarding" and "obtaining" language in the context of a §101 interview. Ex. L at ASC000527. This claim language was added to explicitly distinguish between (1) the secure server and (2) "the entity that causes the payment amount to be transferred." *Id.* Nothing in the amendment or its rationale suggests that "payment amount" was redefined to mean actual "money."

4

> processing the payment transaction using the sensitive financial account information provided by the payer by generating and transmitting an electronic request requesting the payment amount from the financial account, obtaining the payment amount, and forwarding at least a portion of the payment amount to the payee.
>
> 2. (Currently Amended): The method of claim 1, further comprising:
>
> receiving a second payment transaction instruction from the merchant server, the second payment transaction instruction including a representation of the non-sensitive electronic data token and specifying the amount of the a second payment amount from the payer to the payee;

> **Commented [JRK2]:** I realized after our call that sending the payment transaction instruction to the financial institution is not accurate, because bank transfers are made by sending a request to an ACH clearing house or the Federal Reserve.
>
> **Commented [JRK3]:** I called this request (from the secure server to the entity that causes the payment amount to be transferred) an "electronic request" to differentiate it from the "payment transaction instruction" (from the merchant server to the secure server) described in paragraph [0041] of the spec and recited in the merchant server claims.

Ex. L at ASC000527 (showing comment [JRK3] in context).

> **Commented [JRK3]:** I called this request (from the secure server to the entity that causes the payment amount to be transferred) an "electronic request" to differentiate it from the "payment transaction instruction" (from the merchant server to the secure server) described in paragraph [0041] of the spec and recited in the merchant server claims.

*Id.* (showing comment [JRK3], annotated).

The evidence clearly demonstrates both the absence of a disclaimer and the absence of any clear and unmistakable basis for redefining the term.[3]

**C.     The Special Master's Construction ignores the antecedent basis of "*the payment amount*"—it must be the same "payment amount" which is introduced earlier as "*a payment amount.*"**

---

[3] In response to these prosecution history, Special Master only states generally that "[t]he much-debated comment from the prosecution history talks about the 'payment amount to be transferred,' indicating that the 'payment amount' is the money that will be transferred in response to the electronic request" without any detailed analysis, nor discussing the reasonings behind the claim language. *See* Dkt. No. 154 at 17.

5

The term "payment amount" has a clear antecedent basis, reinforcing Autoscribe's position that no redefinition is warranted. Both parties agree that the "payment amount" limitation first appears earlier in the claim and refers to information about the transaction, not the money itself. Dkt No. 154 at 15 (citing Dkt. Nos. 139 at 15, 141 at 10).

Special Master acknowledges that "a word or phrase used consistently throughout a claim should be interpreted consistently" and only "where it is **clear** from the intrinsic evidence that the term has different meanings at different portions of the claims, the claim term can be construed differently." Dkt. No. 154 at 15 (internal citation omitted).

In Claim 1, the term "payment amount" first appears with the article "*a*," and is subsequently referred to as "*the* payment amount," indicating a consistent reference to the same element. (Compare "one data element associated with the payer and **a payment amount from the payer to the payee**" with "by generating and transmitting an electronic request requesting **the payment amount** from the financial account, **obtaining the payment amount**, and forwarding at least a portion **of the payment amount** to the payee."). '621 Patent Claim 1.

Under established claim construction principles, such grammatical structure signals that the term is used consistently and refers to the same transaction-related information throughout. *See Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir.

2016) ("Subsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim."). This is also consistent with the prosecution history discussed above, showing that "obtaining" and "forwarding" language are added to distinguish between (1) the secure server and (2) "the entity that causes the payment amount to be transferred," not about redefining the scope of "the payment amount."

D.  **The Patent Specification is not limited to embodiments where the secure server operator itself obtains the money.**

In support of his recommendation, the Special Master contends that "[t]here is nothing in the specification that describes the secure server obtaining transaction *value* information as part of the 'processing of a payment transaction' of the method" (and therefore, it must obtain the money itself). Dkt. No. 154 at 19–20 (emphasis added). This interpretation, however, is improperly narrow. The Specification states that "[t]he operator of the secure server then processes the payment using the financial account pointed to by the token and makes the proceeds available to the merchant." '621 Patent 3:6-9; *see also id.* at 9:12–19 ("to process a payment from the customer, merchant server 204 submits the token corresponding to the customer account to be debited and information specifying the amount of the payment to the secure server 202. The operator of the secure server 202 then processes the payment using the financial account pointed to by the token, and makes the proceeds available to the merchant."). The Special Master's proposed construction inserts a limitation

7

(that the secure server operator receives physical funds) which is not called for or implied by the specification.

    Accordingly, Autoscribe respectfully asserts that the term should be construed according to its plain and ordinary meaning, as first introduced, referring to information about the transaction, not the money itself.

Dated: May 14, 2025

Respectfully submitted,

*/s/ Jason McManis*
Jason McManis
Texas Bar No.: 24088032
Colin Phillips
Texas Bar No.: 24105937
Chun Deng
Texas Bar No.: 24133178
Michael Killingsworth
Texas Bar No.: 24110089
Thomas DelRosario
Texas Bar No.: 24110645
Angela Peterson
Texas Bar No.:  24137111
Sean Healey
Texas Bar No.: 24142997
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101 (Tel)
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
mkillingsworth@azalaw.com
tdelrosario@azalaw.com
apeterson@azalaw.com
shealey@azalaw.com

David S. Moreland
State Bar No.: 521998
Miller & Martin PLLC
1180 W. Peachtree St Nw, Ste 2100
Atlanta, GA 30309
(404) 962-6347 (Tel)
david.moreland@millermartin.com

**Attorneys for Autoscribe Corporation**

## CERTIFICATE OF SERVICE & COMPLIANCE

The undersigned hereby certifies that on May 14, 2025, a copy of the foregoing and attachments thereto were served via the Court's ECF system on all counsel of record in this matter.

Pursuant to Local Rule 7.1(D), counsel for Plaintiff Autoscribe Corporation certifies that the foregoing was prepared in 14-point Times New Roman font and otherwise conforms to the requirements of Local Rule 5.1.

*/s/ Jason McManis*
Jason McManis