**FILED PROVISIONALLY UNDER SEAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORHTERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

AUTOSCRIBE CORPORATION     §
§
     Plaintiff       §
§     Case No. 1:24-cv-04282-SCJ
§
    v.           §
§     JURY TRIAL DEMANDED
§
M&A VENTURES, LLC       §
§
     Defendant.     §
§

## PLAINTIFF AUTOSCRIBE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

Pursuant to LPR 4.5(b) and LPR 4.5(c), Plaintiff Autoscribe Corporation ("Autoscribe") respectfully moves the Court for leave to amend its Disclosure of Asserted Claims and Infringement Contentions in view of (1) the Special Master's Report and Recommendation on Claim Construction, Dkt. 154, and (2) Defendant's document production revealing a second infringing instrumentality—the Hosted Payment Form and Payrazr API.

## I.    BACKGROUND

Autoscribe filed this patent infringement action in the Eastern District of Texas on July 27, 2023, asserting that M&A Ventures infringed at least one claim of U.S. Patent 11,620,621. Dkt. 1. On December 11, 2023, Autoscribe served its Disclosure of Asserted Claims and Preliminary Infringement Contentions.

On September 4, 2024, the case was transferred to the Northern District of Georgia. Dkt. 102. On October 8, 2024, the Court ordered a Special Master to preside over the *Markman* hearing and submit a Report and Recommendation on claim construction. Dkt. 120. On April 23, 2025, the Special Master issued his Report and Recommendation on Claim Construction. Dkt. 154.

Further, on March 31 and April 1, 2025, M&A Ventures produced documentation about an instrumentality that is no longer publicly marketed: the Hosted Payment Form and Payrazr API.[1] Until this point, Autoscribe was unaware

---

[1]  *See* Ex. A (proposed amended claim charts).

1

that the Hosted Payment Form was a separate product from the Hosted Payment Page publicly marketed on Defendant's website.[2] The documentation produced by Defendants shows the Hosted Payment Form performs the claimed invention of the '621 Patent.[3] As a result, on April 29, 2025, Autoscribe informed M&A of its intent to supplement its infringement contentions with these newly discovered documents.[4]

Autoscribe is filing the instant motion to allow it to serve amended infringement contentions to account for the Special Master's Report and Recommendation and to add a new Accused Instrumentality based on the recently-produced documents relating to the Payrazr products.

## II.    LEGAL STANDARD

The Northern District of Georgia adopted Local Patent Rules in order to "facilitate the speedy, fair and efficient resolution of patent disputes." LPR 1.2(a). The Local Patent Rules apply to "all civil actions … transferred to this Court which allege infringement of a utility patent …." *Id*. 1.2(b).

The rules provide that contentions may be amended when the party believes they are "required in light of … a claim construction ruling by the court" and the amendment "shall be made within thirty (30) days of service of such ruling." LPR

---

[2]    Declaration of Angela M. Peterson at ¶ 8.

[3]    Ex. A.

[4]    Ex. B (April 29, 2025 email from Angela Peterson to counsel).

4.5(c). "It is within Plaintiffs' right to amend its disclosure within thirty (30) days of the Court's ruling [on claim construction]." *Schutz Container Sys., Inc. v. Mauser Corp.*, No. 1:09-cv-3609-RWS, 2010 WL 2408983, at *2 (N.D. Ga. June 11, 2010).

Additionally, parties may amend their infringement contentions "pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." LPR 4.5(b). Under the Federal Rules of Civil Procedure, a party is under a duty to amend its discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

## III.    ARGUMENT

Autoscribe's proposed amended infringement contentions (attached as Ex. A) address three issues: (1) the Special Master's claim construction recommendation as it relates to divided infringement under *Akamai*; (2) during recent discovery, information about an instrumentality (Payrazr) came to light that shows that the instrumentality is infringing; and (3) clarification about the claim charts covering follow-on transactions performed by the same token.

### A.    Divided Infringement

In the present case, the Special Master issued his Report and Recommendation on Claim Construction on April 23, 2025. The Special Master construed "obtaining the payment amount" as "obtaining the money required for the payment" and

construed "forwarding at least a portion of the payment amount" as "forwarding at least a portion of the money required for the payment." Dkt. 154 at 13–21.

In view of this construction, M&A Venture's counsel sent an email to Autoscribe's counsel stating that the construction was "dispositive of Autoscribe's claims."[5] Autoscribe's counsel disagreed and stated that, "even if we accept your representation as to the operation of the accused instrumentality as correct, [Defendant] would still infringe under *Akamai*."[6]

Without going into the merits of either side's characterization of the Special Master's findings, it is clear that both sides believe that the Special Master's findings have resulted in a change to the infringement of the case, thus presenting good cause to amend the infringement contentions.

Autoscribe is filing this request before the 30-day deadline set by Local Patent Rule 4.5(c) for amending contentions in light of a claim construction order. Therefore, Autoscribe is being diligent in amending its contentions.

---

[5]  Ex. C, at 1–2.

[6]  *Id.* at 1 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015) ("liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance.")).

4

**B.**     **Payrazr Hosted Payments**

The amended infringement contentions will contain allegations about a product called Payrazr Hosted Payments ("Payrazr"). Information about Payrazr did not come to light until M&A Ventures produced documents on March 31, 2025 and April 1, 2025. After investigating the production, Autoscribe determined that Payrazr is both an infringing product and sold separately from M&A Venture's other products such as Repay Channels.[7] Autoscribe alerted M&A of this determination less than 30 days after M&A produced the Hosted Payment Form documentation referenced in Autoscribe's contentions.[8] In an additional step of good faith supplementation, Autoscribe has already provided M&A with a chart for its claim that Hosted Payment Form infringes Claim 1 of the '621 Patent.[9] Because many of the other claims depend on Claim 1 or contain elements comparable to those in Claim 1, this chart contains most of the substance of the contentions. Autoscribe is thus being diligent about amending its contentions in light of newly discovered evidence. *Atleisure, Inc. v. Ace Evert Inc.*, No. 1:12-CV-1260-CAP, 2013 WL 12106174, at *2 (N.D. Ga. June 6, 2013); *ChemFree Corp. v. J. Walter, Inc.*, 250 F.R.D. 570, 572 (N.D. Ga. 2007); *ZiLOG, Inc. v. Quicklogic Corp.*, No. C03-03725

---

[7]  *See, e.g.*, Ex. D (REPAY00323090) (describing the similarities between Defendant's products and circumstances where Defendant's employees may sell the Hosted Payment Form and Payrazr product).

[8]  Ex. B.

[9]  Ex. E (May 16, 2025 email from Angela Peterson to counsel for Repay).

JW, 2006 WL 563057, at *1 (N.D. Cal. Mar. 6, 2006) (finding a three month time period between finding information and filing a motion to amend to be "sufficient diligence").

## C.    Follow-on transactions

During a recent meet-and-confer, M&A Ventures stated that it was taking the position that, in instances where it processes multiple transactions using the same financial account information, only the first of those transactions was adequately covered by Autoscribe's infringement contentions. Autoscribe disputes this—the present infringement contentions accuse the original transaction and the follow-on transactions. Further, M&A Ventures has had full notice of Autoscribe's position for more than a year (Autoscribe has repeatedly stated this position in its settlement communications with M&A Ventures, and M&A Ventures has already produced information on the follow-on transactions). However, to remove any basis for doubt, Autoscribe clarifies this in its amended infringement contentions.

## IV.    CONCLUSION

Having shown good cause, Autoscribe respectfully requests the Court to grant leave to amend the infringement contentions to add new Accused Instrumentalities.

Dated: June 4, 2025

Respectfully submitted,

*/s/ Jason McManis*
Jason McManis
State Bar No.: 24088032
Colin Phillips
State Bar No.: 24105937
Chun Deng
State Bar No.: 24133178
Michael Killingsworth
State Bar No.: 24110089
Thomas DelRosario
State Bar No.: 24110645
Angela Peterson
State Bar No.: 24137111
Sean Healey
State Bar No.: 24142997
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101 (Tel)
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
mkillingsworth@azalaw.com
tdelrosario@azalaw.com
apeterson@azalaw.com
shealey@azalaw.com

David S. Moreland
State Bar No.: 521998
Miller & Martin PLLC
1180 W. Peachtree St Nw, Ste 2100
Atlanta, GA 30309
(404) 962-6412 (Tel)
(404) 962-6347 (Fax)
david.moreland@millermartin.com
***Attorneys for Autoscribe Corporation***

7

## <u>CERTIFICATE OF SERVICE & COMPLIANCE</u>

The undersigned hereby certifies that on June 4, 2025, a copy of the foregoing and attachments thereto were served via the Court's ECF system on all counsel of record in this matter.

Pursuant to Local Rule 7.1(D), counsel for Plaintiff Autoscribe Corporation certifies that the foregoing was prepared in 14-point Times New Roman font and otherwise conforms to the requirements of Local Rule 5.1.

*/s/ Jason McManis*
Jason McManis
