# FILED PROVISIONALLY UNDER SEAL

## Outlook

---

**RE: Autoscribe Corp. v. M&A Ventures, LLC, Case No. 1:24-cv-04282-SCJ**

---

**From** Colin Phillips <cphillips@azalaw.com>

**Date** Tue 4/29/2025 9:56 AM

**To** Harper, David H. <David.Harper@haynesboone.com>; Frith, Marron <Marron.Frith@haynesboone.com>; Sivinski, Stephanie <Stephanie.Sivinski@haynesboone.com>; Raju, Jamie <Jamie.Raju@haynesboone.com>; Miller, Richard W. <Millerrw@ballardspahr.Com>; White, Alan <whiteda@ballardspahr.com>

**Cc** Autoscribe <autoscribe@azalaw.com>; David Moreland <David.Moreland@millermartin.com>

David,

We are in receipt of your email, and it is disappointing that y'all are now stooping to the all-to-common defense threat tactics of sanctions and fees. Suffice to say, we disagree that the Special Master's construction of the "obtaining" and "forwarding" term, if adopted by the Court, would be "dispositive of Autoscribe's claims." Even if we were to accept your representations as to the operation of the accused instrumentality as correct, Repay would infringe under *Akamai*. As such, we do not agree to put the case on hold. If you have a Rule 11 motion, please serve it as required under the Rules.

Regards,



**COLIN PHILLIPS**
*Associate*
713.600.4971 I 800.856.8153
1221 McKinney, Suite 2500
Houston, Texas 77010
**AZALAW.COM**

```
┌─────────────────────┐
│      EXHIBIT         │
│                      │
│         C            │
│      ─────────       │
└─────────────────────┘
```
exhibitsticker.com

The information contained in this message is privileged, confidential and intended only for the use of the addressee. If the reader of this message is not the intended recipient or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of the message is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and return the original message to the sender at the above e-mail address. Thank you.

---

**From:** Harper, David H. <David.Harper@haynesboone.com>
**Sent:** Saturday, April 26, 2025 9:54 AM
**To:** Colin Phillips <cphillips@azalaw.com>; Frith, Marron <Marron.Frith@haynesboone.com>; Sivinski, Stephanie <Stephanie.Sivinski@haynesboone.com>; Raju, Jamie <Jamie.Raju@haynesboone.com>; Miller, Richard W. <Millerrw@ballardspahr.Com>; White, Alan <whiteda@ballardspahr.com>
**Cc:** Autoscribe <autoscribe@azalaw.com>; David Moreland <David.Moreland@millermartin.com>
**Subject:** Autoscribe Corp. v. M&A Ventures, LLC, Case No. 1:24-cv-04282-SCJ

Jason and team,

As we know you have seen, the Special Master recommends adoption of M&A's proposed claim construction of the "obtaining" and "forwarding" term. This construction is dispositive of Autoscribe's claims. As Autoscribe is well aware, the card brand regulations that apply to both M&A and Autoscribe prohibit M&A from taking possession of or forwarding any funds relating to card transactions. And based on Autoscribe's own representations to the Court in its responsive claim construction brief, the recommended construction is also dispositive as to ACH transactions performed on the Accused Instrumentalities: "Under M&A's proposed instruction (sic), an ACH transfer would be construed-out of the '621 Patent because it requires that the money be first transferred to the secure server— as opposed to a bank-to-bank transfer through the Automated Clearing House."

The parties are poised to expend significant resources on discovery in the coming months. Autoscribe has requested 7 individual depositions and served a 30(b)(6) notice requesting corporate testimony on 85 topics. Preparing for these depositions will require reviewing a significant volume of emails, including the additional 10,000 documents Autoscribe anticipates producing by May 5. In light of this ruling, M&A will seek its fees incurred from this point forward if Autoscribe continues to pursue its infringement claims against M&A.

Please let us know if Autoscribe will agree to the following:

- A stay of discovery while the parties object to the Special Master's recommendation and until the District Court enters its claim construction order.
- Assuming the District Court adopts the Special Master's recommendation as to the "obtaining" and "forwarding" term, enter a stipulation of non-infringement.

If Autoscribe will not agree, we will more fully document our Rule 11 and Section 285 concerns in a formal letter.  Please let us know if you would like to discuss this stay and stipulation or a resolution of the case more broadly.   Thanks.


**HAYNES BOONE**

**David H. Harper** | Partner
david.harper@haynesboone.com | (t) +1 214.651.5247 (m) +1 214.315.4717


CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential,
may be privileged and should be read or retained only by the intended
recipient. If you have received this transmission in error, please
immediately notify the sender and delete it from your system.