# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| AUTOSCRIBE CORPORATION | § | |
| | § | |
| Plaintiff | § | Case No. 1:24-cv-04282-SCJ |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| M&A VENTURES, LLC | § | |
| | § | |
| Defendant. | § | |

## UNOPPOSED MOTION FOR ENTRY OF SCHEDULING ORDER

Plaintiff Autoscribe Corporation ("Autoscribe") moves the Court for Entry of a Proposed Scheduling Order, attached hereto as Exhibit A.[1]

The scope of discovery in this case is dependent upon Autoscribe's requested amendments to its Complaint and Infringement Contentions, which (1) account for the Court's construction of the final element of Claim 1 ("processing the payment …") by alleging that M&A directs or controls third parties to perform part of this step, and (2) allege infringement by an additional product, Payrazr, based upon information learned in discovery on March 31, 2025. (Dkts. 159, 162.)

M&A has declined to allow discovery on these topics (and topics which it views as intertwined) until the court rules on the requested amendments. For example, M&A disputes the proper scope of fact depositions and has withheld

---

[1] Currently, there is no Scheduling Order in this case.

1

witnesses on dates it previously offered until either (1) Autoscribe would stipulate that it would not ask fact witnesses about certain topics or (2) the Court ruled on Autoscribe's Motions to Amend. Therefore, Autoscribe requests entry of this Scheduling Order setting the deadline for fact discovery for September 26, 2025 to give the court time to resolve the pending motions and avoid (or minimize) discovery disputes. The Parties have conferred, and M&A does not oppose the relief requested.

## I.    BACKGROUND

This case involves ongoing discovery disputes—specifically, regarding the scope of what is discoverable unless and until Autoscribe's Complaint and Infringement Contentions are amended to allege divided infringement and infringement by the Payrazr product. For months, Autoscribe has worked diligently to schedule depositions, but M&A has repeatedly pushed back deposition dates, citing the ongoing dispute.

In early April 2025, the Parties conferred regarding witness availability, and M&A committed to respond with preferred deposition dates for several of its employees. On April 15, M&A's counsel provided dates for the employees throughout May 2025. On April 23, Special Master Dyer issued his report and recommendation on claim construction. (Dkt. 154). His proposed constructions led to the ongoing dispute as to divided infringement. At around the same time, Autoscribe informed M&A that it would be seeking to amend its contentions to add

M&A's "Payrazr" product to this case, based on recent productions M&A had made. As a result, when Autoscribe served deposition notices for the requested witnesses between April 29 and May 2, M&A withdrew all witnesses until Autoscribe could amend its pleadings to allege divided infringement and accuse Payrazr.

Although Autoscribe worked diligently to resolve the dispute and reschedule the depositions, this effort was hindered by M&A's concern that witnesses might testify on matters M&A contended were relevant only after the amendments. Autoscribe filed its motions to amend on June 4 (Dkt. 159, 162) and served amended deposition notices the next day on June 5. On June 12, the Court adopted the Special Master's report and recommendation, indicating a fact discovery deadline of July 28. (Dkt. 165.) The Court has yet to rule on either motion, and the discovery deadline is less than three weeks away.

The discovery window will likely close before Autoscribe can get the discovery it needs. Autoscribe has noticed depositions throughout July (and taken two depositions) despite M&A's continued resistance. However, because the Court has not yet ruled on the amendments, the scope of the remaining depositions (and whether some individuals may need to be deposed more than once) remains in dispute. Further, as the fact discovery deadline set forth by the Local Rules is now 17 days away, it will no longer be possible to effectively notice further depositions even if the motions are ruled upon before the close of discovery.

## II.    ARGUMENT

Federal Rule of Civil Procedure 16(b)(1) requires the Court to enter a scheduling order in each civil case. *Linscheid v. Natus Med. Inc.*, 2014 WL 12492044, at *2 (N.D. Ga. Feb. 25, 2014) (citing Fed. R. Civ. P. 16(b)(3)(A)). A deadline may be extended, or a scheduling order may be modified, for good cause, with the judge's consent, and upon a showing that the movant acted diligently. *Id.*; *see also* Instructions for Cases Assigned to the Honorable Steve C. Jones, at III(B).

There is not currently a scheduling order. The present case was originally filed in the Eastern District of Texas. Dkt. 1. The case was transferred to this Court on September 4, 2024. Dkt. 102. Since the transfer, this Court has not entered a scheduling order.[2] The Parties have adhered instead to the deadlines set forth in the Local Patent Rules.[3] For the reasons set forth herein, to clarify the deadlines in this case, and to accord with the Federal Rules of Civil Procedure, the Parties propose entry of the scheduling order attached as Exhibit A.

Additionally, there is good cause to extend the fact discovery deadline until September 26, 2025. Autoscribe has acted diligently in attempting to conduct all

---

[2]  The Parties jointly submitted a proposed scheduling order on November 7, 2024, which the Court did not rule upon. Dkt. 128.

[3]  LPR 6.7 states "the Parties shall have an additional forty-five (45) days in which to take discovery after the Court files and serves its claim construction ruling." Forty-five days after the Court's June 12, 2025 claim construction ruling would be Sunday, July 27, 2025 (extended to Monday, July 28, 2025 pursuant to Fed. R. Civ. P. 6(a)(1)(C)).

necessary discovery prior to the date set forth by LPR 6.7 (as discussed above, it first conferred with M&A about deposition scheduling in early April). When Autoscribe filed its motions to amend, there was not yet a claim construction order and Autoscribe believed the discovery dispute would be resolved well before the close of discovery. Even after the Court issued its claim construction order (thus providing the Parties a basis to calculate a date for LPR 6.7), the Parties worked to resolve the dispute. However, M&A remains unwilling to allow depositions on Payrazr and divided infringement. Further, M&A served its first deposition notices on July 9 and served its 30(b)(6) topics on July 10. Given that the pending motions for leave to amend may change the scope of discovery after the deadline has passed, compliance with the deadline is no longer feasible.

The Parties have not delayed unduly but rather acted upon a mutual understanding that discovery should be focused upon live issues and multiple depositions of the same individuals should be avoided. As such, counsel for M&A filed the original Joint Motion for Extension of Time on July 3, three weeks after dates in the Parties' proposed scheduling order first became ascertainable (Dkt 128, 165) and shortly after additional failed attempts to resolve the discovery disputes.[4]

---

[4]  This Motion, which M&A does not oppose, follows one week later and keeps the same proposed dates as the prior motion. (Dkt. 165.)

Extending the deadline will reduce or eliminate the scope of ongoing discovery disputes, facilitate resolution of the case on the merits, avoid the need for discovery after the deadline, and give effect to the Parties' mutual understanding that discovery would continue after the Court's ruling on Autoscribe's motions for leave to amend.

### III.    CONCLUSION

For the foregoing reasons, Autoscribe requests entry of the proposed scheduling order attached as Appendix A. Counsel for Autoscribe has conferred with counsel for M&A, and M&A consents to the extension.

Dated: July 11, 2025

*/s/ Jason McManis*
Jason McManis
Texas Bar No.: 24088032
Colin Phillips
Texas Bar No.: 24105937
Chun Deng
Texas Bar No.: 24133178
Michael Killingsworth
Texas Bar No.: 24110089
Thomas DelRosario
Texas Bar No.: 24110645
Angela Peterson
Texas Bar No.: 24137111
Ahmad, Zavitsanos & Mensing, PLLC
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101 (Tel)
(713) 655-0062 (Fax)
jmcmanis@azalaw.com
cphillips@azalaw.com
cdeng@azalaw.com
mkillingsworth@azalaw.com
tdelrosario@azalaw.com
apeterson@azalaw.com

David S. Moreland
State Bar No.: 521998
Miller & Martin PLLC
1180 W. Peachtree St., N.W.
Atlanta, GA 30309
(404) 962-6412 (Tel)
(404) 962-6347 (Fax)
david.moreland@millermartin.com

**Attorneys for Autoscribe Corporation**

7

## CERTIFICATE OF SERVICE & COMPLIANCE

The undersigned hereby certifies that on July 11, 2025, a copy of the foregoing and attachments thereto were served via the Court's ECF system on all counsel of record in this matter.

Pursuant to Local Rule 7.1(D), counsel for Plaintiff Autoscribe Corporation certifies that the foregoing was prepared in 14-point Times New Roman font and otherwise conforms to the requirements of Local Rule 5.1.

*/s/ Jason McManis*
Jason McManis

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on July 9 and 11, 2025, the Parties conferred by teleconference, telephone, and email on the relief requested herein, and Counsel for M&A does not oppose.

*/s/ Colin Phillips*
Colin Phillips

8

**APPENDIX A**
**PROPSOSED LITIGATION SCHEDULE**

| Task | (Patent) Local Rule | Deadline per Local Rule (or Docket entry for prior events) | Parties' Proposed Date (for future deadlines) |
|---|---|---|---|
| Opening Claim Construction Briefs | LPR 6.5(a) | Dkts. 139, 140 | December 12, 2024 |
| Responsive Claim Construction Briefs | LPR 6.5(b) | Dkts. 141, 142 | January 24, 2025 |
| Claim Construction Hearing | LPR 6.6 | | March 6, 2025 |
| Special Master's Report and Recommendation on Claim Construction | | Dkt. 154 | April 23, 2025 |
| Court's Order Adopting Special Master's R&R | | Dkt. 165 | June 12, 2025 |
| Autoscribe's Motion for Leave to File Amended Complaint and Amended Infringement Contentions | | (Dkt. 160, 162) | June 4, 2025 |
| M&A's Opposition to Motion for Leave to File Amended Complaint and Amended Infringement Contentions | L.R. 7.1(B) | (Dkt. 169, 171) | June 18, 2025 |
| Autoscribe's Reply in Support of Motion for Leave to File Amended Complaint and Amended Infringement Contentions | L.R. 7.1(C) | | July 2, 2025 |
| Court's Order on Motion for Leave to File Amended Complaint and Amended Infringement Contentions | | | TBD |
| End of Fact Discovery Period | LPR 6.7 | 45 days after Court's claim construction ruling | September 26, 2025 |

9

| Initial Expert Witness Disclosures – Issues on which each party bears the burden of proof | LPR 7.1(b) | 30 days after end of fact discovery | October 27, 2025 |
|---|---|---|---|
| Initial Expert Witness Disclosures – Issues on which the opposing party bears the burden of proof | LPR 7.1(c) | 30 days after initial expert disclosures | December 5, 2025 |
| Rebuttal Expert Witness Disclosures | LPR 7.1(d) | 10 days after second expert disclosures | December 19, 2025 |
| Depositions of Expert Witnesses Begin | LPR 7.2 | 7 days after rebuttal expert disclosures | January 5, 2026 |
| Deposition of Expert Witnesses End | LPR 7.2 | 30 days after depositions of expert witnesses begin | February 4, 2026 |
| Dispositive Motion Deadline | LR 56.1(D) | 30 days after end of period for expert depositions | March 6, 2026 |
| Proposed Consolidated Pretrial Order | LR 16.4 | 30 days after Court's ruling(s) on dispositive motions | TBD |
| Pretrial Conference | | | TBD |
| Trial | | | TBD |